425 A.2d 798

**COMMONWEALTH of Pennsylvania**

v.

**Keith PATCHETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed Feb. 6, 1981.

J. Christian Ness, York, for appellant.

William M. Kern, District Attorney, New Bethlehem, for Commonwealth, appellee.

Before CERCONE, President Judge, SHERTZ and WIE-AND, JJ.

SHERTZ, Judge:

Appellant, Keith Patchett, was convicted in a non-jury trial of violating Section 3314(a) of the Motor Vehicle Code.

On appeal, he contends that the trial court erred in its interpretation of the statute, that his conviction resulted in a denial of due process and that it was against the weight of the evidence. We disagree and therefore affirm.

On May 15, 1979, Appellant, while operating a motorcycle on Interstate 80, was stopped by a Pennsylvania State Trooper who had observed a wire running from the motorcycle to Appellant's helmet. Appellant removed his helmet and examination by the State Trooper revealed that headphones were installed in the helmet and were connected by a wire to the motorcycles radio. The Trooper issued a citation to Appellant alleging violation of the statute in question.

Section 3314(a) of the Motor Vehicle Code, 75 Pa.C.S.A. § 3314(a), provides:

"No driver shall operate a vehicle while wearing or using one or more headphones, earphones or any similar device which the department by regulation determines would impair the ability of the driver to hear traffic sounds."

Appellant makes two (2) arguments with respect to the construction to be given to this statutory language. First, he contends that the statute does not, per se, constitute any prohibition. Rather, he argues that it is inoperative until the Department of Transportation promulgates regulations; if and when issued, such regulations, together with the statute, would prohibit a driver from operating a vehicle while wearing any device the department had determined would impair the driver's hearing abilities. Headphones, according to Appellant, are among the devices that must be the subject of department regulation. Based upon his construction, and the fact that the department had not issued any regulations, Appellant contends that the trial court erroneously interpreted the statute, usurping the regulatory function of the Department of Transportation and resulting in a denial of due process.

We reject Appellant's contention since it relies upon a construction of the statute which fails to afford to its language its common and approved usage, it does not give effect to all of the provisions of the statute and it disregards

language which is clear and free from ambiguity. 1 Pa.C. S.A. §§ 1903(a), 1921(a), (b); *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978). We are constrained, instead, to give effect to the obvious meaning of clear and unambiguous statutory language, *Houtz v. Commonwealth*, 42 Pa. Cmwlth. 406, 401 A.2d 388 (1979); when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded, *Daugherty v. Continental Can Company, I*, 226 Pa.Super. 342, 313 A.2d 276 (1973).

▇ The first clause of Section 3314(a): "No driver shall operate a vehicle while wearing one or more headphones . . ." clearly and unambiguously prohibits a driver from wearing headphones while operating a vehicle. The second clause of the statute: ". . . or any similar device which the department by regulation determines would impair the ability of the driver to hear traffic sounds" authorizes the Department of Transportation to promulgate and issue regulations prohibiting the wearing of any *other* device that it determines would impair the driver's hearing ability. Appellant's conduct was clearly proscribed by the first clause of the statute. Thus, his contention that the Trial Court usurped the department's regulatory function, thereby effecting a denial of due process, is without merit.

Appellant's second contention is that a Section 3314(a) violation cannot be made out absent an affirmative showing that the radio was in fact being operated and that there was actual hearing impairment. Because such testimony was not elicited at trial, Appellant argues that his conviction was against the weight of the evidence.

▇ Once again, as noted above, Appellant misreads the clear statutory language. Properly read, it prohibits, outright, the wearing of headphones while operating a vehicle. Such prohibition is quite consistent with the legal principle that the legislature, in the proper exercise of its police power, may regulate the use of the highways of the Commonwealth for the purpose of promoting public safety. *Commonwealth v. Arnold*, 215 Pa.Super. 444, 258 A.2d 885 (1969). To accomplish that purpose, the legislature may limit the enjoyment of personal liberty and property. *Gam-*

*bone v. Commonwealth,* 375 Pa. 547, 101 A.2d 634 (1954). Moreover, the statutory prohibition is neither capricious nor arbitrary, and it has a real and substantial relationship to the object sought to be obtained. *Commonwealth v. Dunn,* 478 Pa. 35, 385 A.2d 1299 (1978).

Accordingly, the judgment of sentence is affirmed.