496 A.2d 789

**COMMONWEALTH of Pennsylvania**

v.

**David Michael STERLING, Appellant.**

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed July 26, 1985.

Terrence P. Cavanaugh, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before MONTEMURO, ROBERTS and BLOOM, JJ.*

MONTEMURO, Judge:

Appellant, David Michael Sterling, appeals from the judgment of sentence of the Court of Common Pleas of Erie County. On January 4, 1984, appellant was arrested and charged with three (3) counts of robbery, two (2) counts of receiving stolen property, three (3) counts of reckless en-

---

* Judge Louis A. Bloom, Senior Judge, of the Court of Common Pleas, of Delaware County, Pennsylvania, is sitting by designation.

dangerment, two (2) counts of corruption of minors, three (3) counts of criminal conspiracy, three (3) counts of possessing instruments of crime, one (1) count of simple assault and two (2) counts of terroristic threats. The charges related to appellant's involvement with three (3) other males in a series of robberies. A carbon dioxide powered pellet gun owned by appellant was used during the course of the robberies. On May 17, 1984, appellant pled guilty to three (3) counts of robbery, one (1) count of corruption of minors and one (1) count of criminal conspiracy.

Upon petition of the Commonwealth, an evidentiary hearing [1] was held on June 12, 1984, to determine the applicability of 42 Pa.C.S. § 9712 to appellant's sentence. The court determined that a carbon dioxide pellet gun was a "firearm" within 42 Pa.C.S. § 9712 and that the mandatory minimum sentence of imprisonment for the use of a firearm during the commission of a robbery was applicable. The court then sentenced appellant to concurrent terms of imprisonment of five (5) to ten (10) years on the robbery convictions and to concurrent probationary sentences on the conspiracy and corruption charges.

On appeal, the sole issue presented by appellant is whether a carbon dioxide pellet gun is a firearm within the meaning of 42 Pa.C.S. § 9712(e). He contends that the trial court erroneously determined that a carbon dioxide pellet gun was a firearm as defined in section 9712(e). Thus, he argues that the court erred in imposing the minimum five (5) year sentence of imprisonment mandated by section 9712 and, furthermore, that section 9712 is so vague as to render it unconstitutional.[2]

We begin our analysis by examining section 9712 which provides as follows:

1. The testimony from this evidentiary hearing is not included in the record on appeal.

2. The Commonwealth contends that appellant waived this argument since he failed to file a motion to modify sentence. Although appellant alleges he filed a motion for reconsideration of sentence on June 22, 1984, there is no indication in the record that such motion was filed. Nevertheless, appellant's argument has not been waived. An

## § 9712. Sentences for offenses committed with firearms

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentenc-

issue raising the legality of a sentence cannot be waived by a failure to properly raise the issue in the trial court. *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985); *Commonwealth v. Bossche,* 324 Pa.Super. 1, 471 A.2d 93 (1984).

ing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(d) **Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

(e) **Definition of firearm.**—As used in this section 'firearm' means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

Appellant makes several arguments with respect to the interpretation of the definition of "firearm" in section 9712(e). First, he argues that since the case of *Commonwealth v. Schilling*, 288 Pa.Super. 359, 431 A.2d 1088 (1981), determined that a $CO_2$ operated pellet gun was not a "firearm" as defined under the Uniform Firearms Act,[3] it should not be included as such under the Sentencing Code. Appellant also contends that the definition of "weapon" in the Crimes Code (18 Pa.C.S. § 907) should be used to define the term weapon as it is used in section 9712(e) of the Sentencing Code. Under section 907 of the Crimes Code, a weapon is defined as "anything capable of lethal use". Appellant states that it is highly unlikely that a carbon dioxide powered gun would be used lethally and, thus, it should not be classified as a weapon.

We reject appellant's contentions. His interpretations disregard the clear and unambiguous statutory language contained in section 9712(e). "[W]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded." 1 Pa.C.S. § 1921(b) (1964–1983 Supp.); *Commonwealth v. Patchett*, 284 Pa.Super. 252,

3. 18 Pa.C.S. § 6101 et seq.

255, 425 A.2d 798, 800 (1981). We must give effect to the obvious meaning of clear statutory language. *Commonwealth v. Patchett, supra.*

■ A carbon dioxide powered BB gun clearly fits within the ambit of section 9712(e). The section explicitly provides, "Definition of firearm. —As used in this section 'firearm' means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein." A carbon dioxide powered gun expels a projectile by the action of an explosive or the expansion of gas. Thus, there is no doubt that it is a firearm for purposes of section 9712 of the Sentencing Code. Further, we do not find appellant's citation to the cases interpreting the definition of firearm under the Crimes Code persuasive. In section 9712(e) the introductory phrase, "as used in this section 'firearm' means", evinces an awareness by the legislature that other definitions of firearm may exist, but that this particular definition is specifically applicable to section 9712 of the Sentencing Code.

Following the explicit statutory language of section 9712(e), we conclude that the trial court correctly determined that a carbon dioxide pellet gun is a firearm for purposes of section 9712.

■ Appellant also claims that the definition of firearm in section 9712(e) is contradictory because it first includes a starter gun, which appellant argues does not expel a projectile, and then proceeds to define a firearm in terms of weapons which expel projectiles. We find that this argument lacks merit. Section 9712(e) not only includes weapons which expel a projectile, but also encompasses "any weapon ... which ... may *readily be converted* to expel a projectile." (emphasis added).

■ Appellant's final contention is that the statute is unconstitutionally vague and violative of his due process rights in that it is impossible to determine what constitutes a firearm. A law is void on its face if it is so vague that persons of common intelligence must necessarily guess at

its meaning and differ as to its application. *Fabio v. Civil Service Commission*, 489 Pa. 309, 414 A.2d 82 (1980). In reviewing a void for vagueness challenge, we must consider both the essential fairness of the law and the impracticability of drafting the legislation with greater specificity. *Id.* Further, we note the strong presumption of constitutionality and the heavy burden of persuasion upon one who challenges the constitutionality of an Act of the General Assembly. *American Booksellers Association, Inc. v. Rendell*, 332 Pa.Super. 537, 481 A.2d 919 (1984). Legislation will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution and a mere showing of difficulty in determining whether conduct is within the definition will not suffice to meet this heavy burden. *Id.*

■ Reviewing the statute in light of the above principles, we find that the term "firearm" is clearly and specifically defined in section 9712 and requires no guess-work to determine its meaning. Accordingly, we find that section 9712 withstands appellant's vagueness attack.

Judgment of sentence affirmed.