The appellant, David Lawrence Poole, appeals the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. The appellant was convicted of five counts of the production of obscene matter containing visual reproduction of persons under 17 years of age, a violation of § 13A-12-197, Code of Alabama 1975. He was sentenced to life in the penitentiary.
The appellant contends that the court erred in denying his petition as to the ground that his trial counsel's performance was ineffective. The trial court, in an exemplary order, stated:
 "The Defendant contends that his trial counsel . . . was incompetent in his representation of the Defendant — both at trial, and at his subsequent guilty pleas. More specifically, he asserts that his counsel:
"1. Failed to call witnesses;
 "2. Failed to present evidence that conclusively would have changed the verdict; and
 "3. Counsel misrepresented the law and facts to the prejudice of the Defendant.
 "The Defendant further asserts in the body of his Petition that his counsel refused to let him testify on his own behalf (which Defendant argues worked to his detriment), and that he failed to seek and obtain items of evidence that Defendant contends were critical to his defense.
 "Initially, the Defendant contends that he provided his counsel with a witness list containing eighteen names. These witnesses' expected testimony could be divided into two categories:
"(a) Evidence as to [the victim's] age; and
 "(b) The conditions of the skating rink necessitating the use of the video camera at said facility.
 "Trial counsel testified that in the course of their trial preparations, he and Defendant discussed only one witness, Sylvia Shankles. After interviewing her, [trial counsel] made the decision that she would not be of assistance in the presentation of their defense, and, thus, she was not called as a witness. After reviewing the purported testimony of the remaining witnesses, this Court is of the opinion that said witnesses, excluding David Poole (Defendant) and [the victim], would have provided little, if any, material evidence in the instant cases. Thus, even if the Defendant had asked [trial counsel] to subpoena said witnesses (a fact disputed by his counsel), his failure to do so would not have impacted the verdicts in these cases.
 "As to the items of evidence the Defendant contends he requested his lawyer to obtain, the vast majority pertains to the time and date of the offense as it relates to the age of the victim. . . . Once again, it is the determination of this Court that there has been no evidence offered by the Defendant, his trial counsel, . . . his second counsel, . . . nor his post-conviction counsel, . . . that any of these alleged 'items of evidence' even exist, much less *Page 742 
what they actually would depict if they did exist. This Court refuses to base its decision in these matters on speculative, unsubstantiated allegations. These items were within the purview and possession of the Defendant, (if they existed at all), and thus, it was his responsibility to produce them at the appropriate time. His failure to do so has continued throughout these proceedings, from conviction to his Rule 32 hearing.
 "It is contended by the Defendant that his trial counsel failed to present evidence that conclusively would have changed the verdict. He specifically alludes to tapes he alleges would have shown the condition of the bathroom, and thus, justify the use and position of the camera in said bathroom. This Court finds this argument to be irrelevant and immaterial to the issues at hand. the videotape upon which the State relied in Case CC-89-526 speaks for itself, and is not dependent on other tapes, or the original motive of the Defendant in putting the camera in the bathroom. This tape clearly depicts the camera 'zooming in' on the genital area of the patrons using the bathroom facilities. The existence of other bathroom tapes depicting acts of vandalism, or other criminal activity, would have had no bearing on the verdicts in these cases. The Defendant has failed to present any items of evidence that would have had any impact on the verdicts, and certainly none that would have 'conclusively' changed the verdicts.
 "Defendant's further contention as to this trial counsel, is that his trial counsel 'misrepresented the law and facts to the prejudice of the Defendant.' In this regard, the Defendant maintains that his trial counsel guaranteed that the Defendant would win on appeal, assuming he was convicted. Trial counsel denied this allegation while on the stand at the October 11, 1994 hearing. It appears that the Defendant and his trial counsel discussed trial strategy and the potential for success of their defense. Clearly, based upon the pretrial, and post-trial motion and briefs filed by [trial counsel] he realized the overwhelming nature of the State's case against his client, and put his greatest effort into pursing the legal, as opposed to factual, challenges to that case. This Court recalls quite vividly the aggressive representation put forth by trial counsel in these cases.
 "Defendant also made reference to trial counsel's drinking during the course of his representation. He contends that prior to trial, [his counsel] smelled of alcohol. [Counsel] testified that he did not drink from 1988 to 1990, (the period involving Defendant's trial). No additional evidence, or witnesses, were presented to corroborate this allegation, or that such purported alcohol use affected trial counsel's judgment or ability to represent the Defendant. Additionally, this Court had daily opportunities to observe trial counsel during the course of his representation of this Defendant, an this Court saw no evidence of alcohol use by [trial counsel].
 "The last matter asserted by the Defendant with regard to competency of counsel, is the Defendant's contention that [counsel's] refusal to allow Defendant to testify on his own behalf amounted to incompetent counsel. This Court disagrees. Trial counsel made the decision not to put his client on the stand due to the existence of two prior 'sex related' offenses of the Defendant that could have been offered against him had he testified. This Court sees no reason to second-guess that decision, and does not see how Defendant's testimony would have impacted, or changed, the verdicts in these cases."
The appellant's petition alleging ineffective assistance of counsel was correctly denied for the reasons stated in the court's order.
AFFIRMED.
All the Judges concur. *Page 743 
[EDITORS' NOTE: PAGES 743-750 CONTAINS DECISONS WITHOUT OPINIONS.] *Page 1335