COMMONWEALTH of Pennsylvania,
Appellee,

v.

Michael SAVICH, Appellant.

Superior Court of Pennsylvania.

Submitted March 16, 1998.

Filed June 15, 1998.

Timothy J. Lucas, Erie, for appellant.

Garrett A. Taylor, Assistant District Attorney, Erie, for the Commonwealth, appellee.

Before POPOVICH and OLSZEWSKI, JJ., and MONTEMURO *, Judge.

POPOVICH, Judge:

This is an appeal from the judgment of sentence in the Court of Common Pleas of Erie County, following appellant's conviction for sexual abuse of children, 18 Pa.C.S.A. § 6312. Herein, appellant raises a novel issue for our consideration, whether 18 Pa. C.S.A. § 6312 is unconstitutionally vague. Appellant also questions whether the trial court erred in denying appellant's motion to suppress physical evidence and inculpatory statements he made to the police, and whether the trial court erred in denying appellant's

_____

* Retired Justice assigned to Superior Court.

request for re-sentencing when appellant was not permitted to review his pre-sentence report until 48–hours before sentencing. For the reasons which follow, we affirm.

The facts, as revealed by the record and found by the trial court, are as follows:

On August 1, 1996, at approximately 6:45 P.M., Presque Isle Park Ranger Michael Kershner received a dispatch that a suspicious male was videotaping patrons near the men's and women's (sic) bathhouses at Beach 8. Upon arriving at the scene, Ranger Kershner met Ken Phillips, a concession stand operator who had called in the incident. Mr. Phillips pointed out the suspect, [appellant], and indicated that he had been outside the female changing area for about one hour and forty-five minutes and was videotaping patrons without consent.

Ranger Kershner approached the breezeway area and observed the actions of [appellant] for 2–3 minutes. [Appellant] was observed facing toward the beach with his back toward the changing area, his video camera held in his left hand by a strap, lying on the ground with the lens directed into the changing area. The partition around the changing area is raised about 3–4 inches above the ground. The ground outside of the partition is at an angle. [Appellant] was standing near this angled area where the camera angle would present a view of the patrons inside the changing area from the knee up. Ranger Kershner heard adult female and juvenile voices coming from the changing area. [Appellant] was observed filming and changing camera positions three different times. Ranger Kershner then approached [appellant] and engaged him in general conversation as to the nature of his visit at the park and how long he had been there. [Appellant] stated that he had been there for 45 minutes and was concerned because his family was late in arriving. Ranger Kershner then offered his assistance in locating [appellant's] family but [appellant] declined.

After this brief general conversation, the Ranger informed [appellant] that he received a complaint that [appellant] had been videotaping park patrons without their consent. The [appellant] denied it and became very nervous. [Appellant] requested that the Ranger accompany him to his car so they could talk. [Ranger] Kershner declined, but advised [appellant] that they could move over to a park bench where no patrons were located.

[Appellant] was then asked if the video camera had a playback mode so the contents of the tape could be viewed. [Appellant] was told that he could refuse, but he twice gave his consent to the Ranger to view the tape. At this point the Ranger told him that if the tape showed that he was taping patrons in the nude, without consent, charges could be filed against him. [Appellant] became very nervous and jittery and stated "O.K., you've got me, there is something on there." [Appellant] was then asked a third time and gave his consent to the Ranger to view the tape.

The Ranger then asked [appellant] if he would accompany him to his cruiser for the purpose of returning to the station to view the tape. The Ranger informed [appellant] that he was not under arrest, but asked if he would consent to being placed in handcuffs for safety reasons. After [appellant] agreed, Ranger Kershner transported him to the park station. [Appellant] received his *Miranda* warnings at 8:20 P.M.

On August 2, 1996, [appellant] was again given his *Miranda* rights and agreed to give a written statement to the authorities at the Presque Isle administration building.

Trial Court Opinion, 2/28/97, pp. 1–3.

■ After a bench trial, appellant was convicted of sexual abuse of children, a criminal statute prohibiting the videotaping of children less than 18 years old engaging in "nudity, if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view the depiction."[1] Appellant contends that § 6312 is

1. 18 Pa.C.S.A. § 6312. Section 6312 states in full:

(a) **Definition.**—As used in this section, "prohibit sexual act" means sexual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction.

(b) **Photographing, videotaping, depicting on computer or filming sexual acts.**—Any person who causes or knowingly permits a child under the age of 18 years to engage in a prohibited sexual act or in the simulation of such act is guilty of a felony of the second degree if such person knows, has reason to know or intends that such act may be photographed, videotaped, depicted on computer or filmed. Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act is guilty of a felony of the second degree.

(c) **Dissemination of photographs, videotapes, computer depictions and films.**—Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act is guilty of a felony of the third degree.

(d) **Possession of child pornography.**—Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act is guilty of a felony of the third degree.

(e) **Evidence of age.**—In the event a person involved in a prohibited sexual act is alleged to be a child under the age of 18 years, competent expert testimony shall be sufficient to establish the age of said person.

(e.1) **Mistake as to age.**—Under subsection (b) only, it is no defense that the defendant did not know the age of the child. Neither a misrepresentation of age by the child nor a bona fide belief that the person is over the specified age shall be a defense.

(f) **Exceptions.**—This section does not apply to any material that is possessed, controlled, brought or caused to be brought into this Commonwealth, or presented for a bona fide educational, scientific, governmental or judicial purpose.

void for vagueness.[2] As this is a case of first impression for our court, we have found it helpful to examine the jurisprudence of our sister states construing similar statutes.[3] "Our standard of review is limited to a consideration of whether the legislation at issue is clearly, palpably, and plainly in violation of the constitution." *Commonwealth v. Miller,* 455 Pa.Super. 534, 689 A.2d 238, 241 (1997) (citation omitted), *allocatur denied,* 548 Pa. 646, 695 A.2d 785 (1997).

Duly enacted legislation carries with it a strong presumption of constitutionality and this presumption will not be overcome unless the legislation clearly, palpably and plainly violates the constitution. *Commonwealth v. Swinehart,* 541 Pa. 500, 508, 664 A.2d 957, 961 (1995); *Commonwealth v. Highhawk,* 455 Pa.Super. 186, 687 A.2d 1123, 1128 (Pa.Super.1996). The party seeking to have a legislative enactment declared unconstitutional bears a heavy burden. *In re Petition to Recall Reese,* 542 Pa. 114, 119, 665 A.2d 1162, 1164 (1995). A law is void on its face, and violative of due process, if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Commonwealth v. Sterling,* 344 Pa.Super. 269, 496 A.2d 789, 792 (Pa.Super.1985). The constitutional prohibition against vagueness does not invalidate every statute that could have been drafted with greater precision, but we must consider the essential fairness of the law and the impracticability of drafting the

legislation with greater specificity. *Id.* Due process simply requires the statute be drafted with sufficient definiteness that it is not susceptible to arbitrary and discriminatory enforcement. *Commonwealth v. Barud,* 545 Pa. 297, 304, 681 A.2d 162, 165 (1996).

*Commonwealth v. Cotto,* 708 A.2d 806, 810 (Pa.Super.1998).

Under *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), states have a compelling interest and great leeway in protecting children from sexual exploitation. "A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole." *Ferber,* 458 U.S. at 764, 102 S.Ct. at 3358; *accord United States v. Wiegand,* 812 F.2d 1239, 1244 (9th Cir.1987) (child depicted is not required to have assumed a sexually inviting manner), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987); *see also United States v. Wolf,* 890 F.2d 241, 243 (10th Cir.1989) (child need not be aware that the depiction is being produced).

In his "vagueness" challenge, appellant contends that the statute does not provide reasonable notice that a videotape of nude minors who are not engaged in sexual activity is a depiction of minors engaged in a "prohibited sexual act" in violation of § 6312.

---

**2.** Within his vagueness argument, appellant also claims that the statute is overbroad because it permits the Commonwealth to prosecute *"appellant* on supposed future conduct where someone might view the tapes in the future." Appellant's Brief, p. 6. Appellant's argument misinterprets the function of the First Amendment overbreadth doctrine. "[T]he overbreadth doctrine allows a defendant to attack a statute because of its effect on conduct *other than the conduct for which defendant is being punished." Mass. v. Oakes,* 491 U.S. 576, 586, 109 S.Ct. 2633, 2639, 105 L.Ed.2d 493 (1989) (Scalia, J., concurring, Part I) (Blackmun, J., Brennan, J., Marshall, J., and Stevens, J., joining) (emphasis added). "[I]t is the burden of the person whose conduct is legitimately proscribable, and who seeks to invalidate the entire law because of its application to someone else, to 'demonstrate from the text of [the law] and from actual fact' that substantial overbreadth exists." *Id.* at 590, 109 S.Ct. at 2641

(Scalia, J., concurring, Part II) (Blackmun, J., joining) (emphasis omitted), quoting *New York State Club Assn. v. New York City,* 487 U.S. 1, 14, 108 S.Ct. 2225, 2234, 101 L.Ed.2d 1 (1988). Appellant has failed to present such an argument. Consequently, we do not reach the issue of overbreadth and instead focus our attention on whether the statute as applied to appellant is unconstitutionally vague. We will, however, consider the point appellant raises in his overbreadth argument within our vagueness analysis.

**3.** For a comprehensive examination of state cases in which the courts have construed, applied or determined the validity of statutes similar to 18 Pa.C.S.A. § 6312, *see* Benjamin J. Vernia, Annotation, *Validity, Construction and Application of State Statutes or Ordinances Regulating Sexual Performance By Child,* 42 A.L.R. 5th 291 (1996).

**1256** ■

Appellant also posits that the language "for purposes of sexual stimulation of the viewer" allows for arbitrary determinations as to which nude exhibitions are prohibited. We disagree.

Although not every non-prurient nude depiction of a minor falls within the purview of the statute, such depictions made "for the purpose of sexual stimulation or gratification" of the viewer do. 42 Pa.C.S.A. § 6312(b); see Ohio v. Young, 37 Ohio St.3d 249, 525 N.E.2d 1363 (1988) (statute's proscription is not so broad as to outlaw all depictions of minors in a state of nudity but only those depictions created for prurient purposes), cert. denied, 492 U.S. 904, 109 S.Ct. 3212, 106 L.Ed.2d 563 (1989); Colorado v. Batchelor, 800 P.2d 599 (Colo.1990) (language of statute simply does not require that the "real or simulated overt sexual gratification be depicted in the material"). The term "for purposes of sexual stimulation or gratification of the viewer" permits the factfinder to distinguish between depictions such as those in the present case from nude depictions taken for legitimate scientific, medical or educational activities, which are specifically exempt under § 6312(f). See Washington v. Bohannon, 62 Wash.App. 462, 814 P.2d 694 (1991) (the language "for purposes of sexual stimulation" serves to clarify and narrow the reach of the statute, enabling the court to distinguish between permitted and prohibited photographs under the statute). This term also acts as a limitation to avoid the inhibition of freedom of expression. See Batchelor, 800 P.2d at 602 (language "for the purpose of overt sexual gratification or stimulation of one or more of the persons involved" reduces the possibility that statute criminalizing the depiction of child nudity will be used to prohibit protected speech). For example, the statute does not proscribe photographs taken for family, artistic or any other legitimate purpose because they are not taken for purposes of sexual gratification. See Batchelor, supra.

■ Neither law enforcement authorities nor the courts have discretion to charge or convict an individual for making videotapes depicting child nudity for any purpose other than sexual gratification or stimulation of the viewer. 18 Pa.C.S.A. § 6312(b) and (f); See Batchelor, 800 P.2d at 603. Thus, the statute is not subject to arbitrary or discriminatory enforcement. See generally Barud, 545 Pa. at 304, 681 A.2d at 165. Moreover, a videotaper in appellant's circumstance should have a well-founded concern for the criminality of his conduct. Our statute gives manifest warning that an individual videotaping nude children is at great risk of being convicted for sexual abuse of children if the purpose of the videotaping falls within § 6312(b).

■ Appellant also contends that the language "for the purpose of sexual stimulation or gratification of any person who might view such depiction" is unconstitutional because it allows the Commonwealth "to prosecute appellant based upon the potential future conduct of others," without proving appellant intended to allow others to view his videotape. Appellant's Brief, p. 6. The Missouri Supreme Court rejected an identical claim in Missouri v. Helgoth, 691 S.W.2d 281 (Mo. 1985), a case where the defendant was convicted of sexual abuse of children for taking nude photographs of a minor. See id. at 282. Like our appellant, Helgoth contended Missouri's statute was unconstitutionally vague because he was compelled to speculate whether any person viewing his depictions would be sexually gratified. See id. at 283. The Missouri Supreme Court rejected Helgoth's constitutional challenge, finding that:

It is the intent of the photographer with which we are concerned in this case. The standard employed is a subjective one, pertaining to the actor's state of mind and is therefore uniquely within the control of the potential offender. Such a standard provides an intrinsic element of notice, as the actor is also in a uniquely suitable position to know whether his purpose will coincide with that proscribed by the statute.

Id. Persuaded by Helgoth's reasoning, we find that the videotaping of nude children for the purpose of one's own sexual gratification or stimulation is a prohibited act under 18 Pa.C.S.A. § 6312(a) ("prohibited sexual act" means "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction").

■ Contrary to appellant's assertions, the Commonwealth need not allege or prove that appellant intended to have others view the videotape in the future. Rather, proof of purpose of personal sexual gratification may be established by the circumstances surrounding the videotaping. *See Poole v. Alabama,* 667 So.2d 740, 742 (Ala.Crim.App. 1995) (hereinafter *"Poole I"*) (purpose of sexual stimulation or gratification of the viewer evident where "[video]tape clearly depicts the camera 'zooming in' on the genital area of patrons using the bathroom facilities"). Herein, appellant surreptitiously filmed minors—from babies having their diapers changed, to teenagers showering nude, to children changing at bathhouses—over an extended period of time. He did so without their or adult knowledge he was doing so. Appellant's "efforts were directed toward the children and the children only." N.T., 7/23/97, p. 18. Appellant readjusted his video camera several times during his taping; when adults came into the picture, he would refocus back on the children. N.T., 7/23/97, p. 18. *Cf., Poole v. Alabama,* 596 So.2d 632, 639–40 (Ala.Crim.App.1992) (hereinafter *"Poole II"*) (fact that camera was placed behind grill vent in obvious attempt to disguise its presence and was pointed in the area of toilet in restroom patronized primarily by minors provided reasonable basis for police to believe that video-camera was used to film young male patrons who had their genitals exposed while urinating in toilet). A person of common intelligence would grasp that covertly videotaping infant, adolescent and pubescent nude girls would fall within the statute's reach if the videotapes are made for purposes of sexual gratification or stimulation of the videotaper. *See Poole I, supra; Poole II, supra; see generally Sterling,* 496 A.2d at 792.

Based on the foregoing, we conclude § 6312(b) contains sufficiently particular standards so that it is not unconstitutionally vague. Accordingly, we reject appellant's constitutional claim.[4]

■ Next, appellant claims he was subjected to an investigatory stop, which violated his Fourth Amendment rights, when Ranger Kershner approached appellant and inquired about his videotaping activities. Appellant further argues that because he was "in custody" the ranger should have issued *Miranda*[5] warnings before he questioned appellant. Therefore, appellant concludes the evidence the ranger obtained during their exchange, the videotape and appellant's admission that the videotape and video-recorder were his, as well as appellant's subsequent written confession should have been suppressed.

> When reviewing the ruling of a suppression court, we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.

*Commonwealth v. Fink,* 700 A.2d 447, 448 (Pa.Super.1997) (citation omitted), *allocatur denied,* —— Pa. ——, 716 A.2d 1247 (1998).

■ Appellant's claim is without merit.

> An individual may be stopped and briefly detained, provided the investigating officer can point to specific and articulable facts which, in conjunction with the natural inferences deriving therefrom, reasonably warrant the intrusion. An investigative detention may properly ripen into an arrest based on probable cause when additional information confirming the earlier suspicion is uncovered.

*Commonwealth v. Brown,* 417 Pa.Super. 165, 611 A.2d 1318, 1320 (1992) (citations omitted). In the present case, Ranger Kershner, who arrived on the scene in response to a citizen's

---

4. Significantly, appellant does not challenge the sufficiency or weight of the evidence.

5. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d.694 (1966).

complaint, could reasonably make an investigatory stop when he observed appellant lurking next to the women's bathhouse. *See id.* At that time, appellant was lying on the ground directing the lens of his video camera into the women's changing area. The ranger could see the feet and hear the voices of children and women in the bathhouse. Ranger Kershner watched appellant change his position three times while continuing to focus his videocamera inside the bathhouse. He then approached appellant, informed him about the complaint and asked him several questions. *See Commonwealth v. Stubblefield,* 413 Pa.Super. 429, 605 A.2d 799, 802–03 (1992), *allocatur denied,* 533 Pa. 633, 621 A.2d 580 (1993) (mere questioning of defendant in a public place does not amount to a seizure that would trigger Fourth Amendment rights). During their conversation, appellant admitted there were nude depictions on the videotape. Once this discovery was made, the ranger had probable cause to arrest appellant. *See Brown, supra.* The uncontroverted testimony clearly reveals that appellant made incriminating statements and surrendered the videotape *before* Ranger Kershner even suggested that appellant accompany him to the police station. Subsequent measures taken by Ranger Kershner have no impact on the admissibility of the evidence legally seized prior to appellant's arrest. *See Commonwealth v. Peters,* 434 Pa.Super. 268, 642 A.2d 1126, 1130 (1994), *allocatur denied,* 538 Pa. 668, 649 A.2d 670 (1994). Moreover, the fact that appellant was not formally arrested before he was handcuffed and transported does not affect the admissibility of evidence obtained afterward. Since the ranger had probable cause to arrest appellant, appellant was not subjected to an illegal arrest. The ranger refrained from further questioning until after they reached the station house. There, appellant was informed of his rights and, afterwards, executed a written confession. Appellant is not entitled to have this statement suppressed because he received *Miranda* warnings prior to his confession. We therefore conclude appellant's statements and the videotape were properly admitted at trial.

■ Appellant last claim is that the trial court erred by denying his motion to modify or reconsider sentence. Appellant contends he suffered prejudice from the Erie County Probation Department's practice of not permitting defense counsel to review presentence investigative reports until 48 hours before sentencing. "Sentencing is a matter vested in the sound discretion of the trial court and a trial court's judgment of sentence will not be disturbed unless an abuse of discretion is shown." *Commonwealth v. Meo,* 362 Pa.Super. 328, 524 A.2d 902, 904 (1987) (citation omitted). We reject appellant's claim for two reasons.

■ First, appellant had the ability and opportunity to cure any prejudice or surprise during his sentencing hearing but failed to do so. Appellant could have objected to the introduction of the report. Alternatively, he could have requested a continuance so that he either could cross-examine the author of the report or call his own expert to rebut the findings in the report. Instead, appellant waited until after he was sentenced to complain that the Erie Probation Department issued the report only 48 hours before appellant's sentencing hearing. A defendant "may not remain silent and take chances" on his sentencing and "afterwards complain of matters which, if erroneous, the court would have corrected." *Commonwealth v. Clair,* 458 Pa. 418, 423, 326 A.2d 272, 274 (1974) (defendant's assertions of trial errors would not be considered on appeal when defense counsel made no objection at trial); *accord Commonwealth v. Jarvis,* 482 Pa. 598, 603, 394 A.2d 483, 486 (1978).

Second, appellant has failed to present any evidence at the sentencing hearing, in conjunction with his post-sentence motion or upon direct appeal that undermines or repudiates the findings of the pre-sentence report. Appellant has not presented a scintilla of evidence that the conclusions set forth in the report are inaccurate. "A simple allegation that more preparation is necessary for investigation and trial preparation will not suffice in demonstrating an abuse of discretion." *Commonwealth v. Brown,* 351 Pa.Super. 119, 505 A.2d 295, 298 (1986) (citation omitted) (denial of motion for continuance proper where defendant contended that with more time he might have been able to chal-

lenge witness identifications because defendant's contentions were speculative and without reasonable foundation). Appellant's contention that trial counsel, having had additional time to prepare, would have been able to "present psychological testimony to the court ... to balance the findings" of the pre-sentence report is speculative and without any reasonable foundation because appellant has failed to provide affidavits or other documents that such a witness exists or that such a witness would discredit the findings of the pre-sentence report. In short, appellant has failed to prove he was in any way prejudiced by the practices of the Probation Department. Accordingly, we must reject appellant's claim. *Cf., Commonwealth v. Plath*, 267 Pa.Super. 1, 405 A.2d 1273, 1275–76 (1979) (where there is no assurance a witness can be procured or considerable uncertainty concerning the content of the witness' testimony, then denial of continuance is proper).

Judgment of sentence affirmed.