J-S94014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD EUGENE MOYER, JR. | |
| Appellant | No. 742 MDA 2016 |

Appeal from the Judgment of Sentence March 4, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004588-2014

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 01, 2017**

Richard Eugene Moyer, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County after a jury convicted him of fifteen counts of possession of child pornography[1] and one count each of distribution of child pornography[2] and criminal use of a communication facility.[3]  Upon careful review, we affirm Moyer's convictions and amend his sentencing and SORNA registration orders.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(d).

[2] 18 Pa.C.S.A. § 6312(c).

[3] 18 Pa.C.S.A. § 7512.

In May 2014, Special Agent Daniel Hasenauer of the Pennsylvania Office of Attorney General conducted an internet-based investigation of child exploitation in which he attempted to locate computer users who had downloaded and/or distributed child pornography. During the course of this investigation, Agent Hasenauer made a direct connection with Moyer's computer and downloaded a file containing child pornography. As a result, authorities obtained a search warrant to search Moyer's home for child pornography. Armed with the warrant, officials seized Moyer's computer. A forensic examination revealed images Hasenauer believed to be child pornography, as they had graphic titles indicating pornographic depiction of "preteens" between the ages of 3 and 12.

Moyer, who resided in the basement of the residence belonging to his parents, was present during the execution of the warrant and agreed to speak with authorities. At first, Moyer denied that there was child pornography present on his computer. However, he subsequently told agents that he occasionally came across it when downloading files, but he always deleted it immediately. He also admitted using the search term "teen" to "get the files that [he] like[s] to see[.]" Trial Exhibit 10-A, Transcript of Moyer Interview, at 12.

After the interview was concluded, Moyer was arrested. On the drive to the police station, Moyer told Agent Hasenauer that "he was targeting [the] 13, 14, 15-year old age group" and that it was not illegal to download child pornography as long as he deleted it. N.T. Trial, 12/2/15, at 138.

At trial, Special Agent David Middendorf, an expert in forensic computer analysis, testified that, on scene at Moyer's residence, he initially determined that Moyer's computer contained at least 13 images and one video of apparent child pornography. He later examined the computer and found it contained 17 images and three videos, which had been deleted and were in the computer's recycling bin.

Moyer testified and stated that he was in the business of refurbishing computers and had purchased this particular computer at a yard sale; he had added a second hard drive that he had purchased years before that. He claimed that there was a "mix of adult and child pornography" on the hard drive when he purchased it, but that he had deleted all of it. N.T. Trial, 12/3/15, at 216. He further testified that he had subsequently "stumbled across" another pornographic file, which led to the discovery of additional files, all of which he claimed to have deleted. *Id.* at 220. Moyer claims he never intentionally made any of the files available for sharing on Shareaza, the file-sharing network he utilized.

On December 3, 2015, a jury found Moyer guilty of the above charges. On March 4, 2016, the court sentenced him to an aggregate term of five to 15 years' imprisonment. Moyer was also ordered to register as a sex offender for life pursuant to the Sex Offender Registration and Notification

Act ("SORNA").[4]  Moyer's post-sentence motions were denied.  On May 6,

2016, he filed a timely notice of appeal to this Court, followed by a court-

ordered concise statement of errors complained of on appeal pursuant to

Pa.R.A.P. 1925(b).

On appeal, Moyer raises the following issues for our review:

> 1.   Was the evidence presented by the Commonwealth insufficient to sustain [Moyer's] conviction[s] for [c]ounts 2, 8, 9, 11, and 16?
>
> 2.  Were the sentences imposed on [c]ounts 1 through 7, of two and one-half to eight years['] incarceration, illegal, as the statutory maximum sentence for a third[-]degree felony is seven years' incarceration?
>
> 3.  Where [Moyer] was convicted on the same date of one count of distribution of child pornography . . . and fifteen counts of possession of child pornography . . . and all offenses were docketed to the same information number, should he have been sentenced to 25 years of sex[-]offender registration pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15, rather than lifetime registration?

Brief of Appellant, at 6.

Moyer challenges the sufficiency of the evidence as to five of his

convictions.  We are guided by the following standard of review when

presented with a challenge to the sufficiency of the evidence:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it

_____

[4] 42 Pa.C.S.A. §§ 9799.10-9799.41.

- 4 -

establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722–23 (Pa. Super. 2013), quoting *Commonwealth v. Pettyjohn*, 64 A.3d 1072 (Pa. Super. 2013) (citations and quotation marks omitted).

Moyer was convicted under section 6312 of the Crimes Code, which provides that "[a]ny person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S.A. § 6312.

Moyer first challenges his conviction as to count 16, on the basis that it was not possible for the jury to determine whether the female depicted in the photo was under the age of 18. Moyer asserts that:

> [T]he image associated with [c]ount 16, involves a female who is not facing the camera, and whose face cannot be seen. While there is no question that she is engaged in sexual contact with an adult male, there is simply no way to determine, based on the photograph, that the female's age is under 18. The Commonwealth did not present any expert testimony regarding the age of the alleged children in any of the photographs.

Brief of Appellant, at 13. Moyer cites to subsection (e) of section 6312, which provides that "[i]n the event a person involved in a prohibited sexual act is alleged to be a child under the age of 18 years, *competent expert testimony shall be sufficient to establish the age of said person*." 18 Pa.C.S.A. § 6312(e) (emphasis added). Moyer asserts that, without expert testimony, there was insufficient evidence for the jury to determine the female was under the age of 18. There is no merit to this claim.

> In its Rule 1925(a) opinion, the trial court concludes that

> [Moyer] provides no compelling reason to disturb any of his convictions. The age of the individual depicted in the image associated with count 16 is not so obviously 18 or older as to warrant reversing the jury's finding. Far from it, in fact, as the jury could very reasonably find the age element proven with regard to this image. This is particularly true when one considers the title associated with the image, which includes the terms "Pedo" and "Childporn."

Trial Court Opinion, 7/6/16, at 8 (citations to record omitted).

> We agree with the trial court's rationale. As this court has previously noted with regard to an identical claim:

> Proof of age, like proof of any other material fact, can be accomplished by the use of either direct or circumstantial evidence, or both. The proof necessary to satisfy the element of age in a dissemination or possession of child pornography case is not limited to expert opinion testimony. *Subsection (e) merely allows that if competent expert testimony is presented it shall be*

- 6 -

*sufficient to establish the age element of the crime. This subsection does not mandate such proof in order to sustain a conviction.* Rather, the outward physical appearance of an alleged minor may be considered by the trier of fact in judging the alleged minor's age.

**Commonwealth v. Robertson-Dewar**, 829 A.2d 1207, 1212 (Pa. Super. 2003) (emphasis added). Here, the jury, based on everyday observations and common life experiences as well as the file name of the image,[5] assessed the age of the female depicted in the photo associated with count 16 and concluded, beyond a reasonable doubt, that she was under the age of 18. We see no reason to disturb the jury's finding.

Moyer next challenges his convictions as to counts 2, 8, 9 and 11, asserting that there was insufficient evidence that the related images depicted a child engaging in a prohibited sexual act[6] or simulation of such an act. Moyer claims that the images are neither titillating nor provocative and thus, the determination that the photos were taken for the purpose of sexual stimulation or gratification "could only have been pure speculation on the part of the jury." Brief of Appellant, at 17. Moyer cites **Commonwealth v. Savich**, 716 A.2d 1251 (Pa. Super. 1998), and **Commonwealth v. Tiffany**, 926 A.2d 503 (Pa. Super. 2007), two cases in which this Court found that

---

[5] The image was titled "PTHC pedo NEW Childporn Private Daughter Torpedo Ranchi loli." N.T. Trial, 12/2/15, at 118.

[6] Section 6312(g) of the Crimes Code defines "prohibited sexual act" to include "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(g).

pictures were taken for the purpose of sexual gratification or stimulation, and attempts to distinguish them. Specifically, Moyer argues that, unlike in those cases, here "nothing is known about the photographers who took the pictures[.] There is no indication that the pictures were taken surreptitiously or without the knowledge of the children photographed, and there is nothing particularly sexualized or provocative about the pictures." Brief of Appellant, at 17. We disagree.

In concluding that the Commonwealth presented sufficient evidence to support Moyer's convictions as to the counts in question, the trial court found as follows:

> As for counts 2, 8, 9, and 11, the related images may not depict "sexual acts" in the usual sense of the words. But the child pornography statute defines "prohibited sexual act" to include "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." [18] Pa.C.S.A. § 6312(g). These images qualify, as it is surely a reasonable inference from the evidence that the nudity depicted in these images was intended for these purposes. And once again, the titles of the images . . . further refute [Moyer's] position.

Trial Court Opinion, 7/6/16, at 9 (citations to record omitted).

A review of the images in question, which all depict nude minors in various poses, supports the trial court's conclusion. The image associated with count 2, named "lolitaguy mafiasex.RU_children_kids_hard_00293 child porn," *see* N.T. Trial, 12/2/15, at 115, depicts a nude boy posing in what can only be described as a provocative manner outside of a bathroom. The image associated with count 8, entitled "Carl David Hyman, Jr., Children

pussy 106 – 3 year old witch nudist," *id.* at 116, depicts a group of nude children, male and female, posing with what appear to be a flowing white curtain and a bamboo window blind. The image associated with count 9, named "Carl David Hyman, Jr., Kiddie Pussy 06 – witch pedo pthc nudist," *id.*, shows a nude female child with the arm of an adult male appearing to restrain her in the upper chest area. Notably, the photograph is framed such that the face of the adult male is not included in the image. Finally, the image associated with count 11, titled "Jailbait 033 – Jana Young Girls in Thongs showing off," *id.* at 117, depicts an adolescent female with her hand on her hip, leaning provocatively toward the camera, such that her breasts are emphasized in the photograph.

Here, again, the jury used its life experience and common sense to conclude that these images of nude children and adolescents were taken for the purpose of sexual stimulation or gratification. Furthermore, the file names associated with each image, while not necessarily descriptive of the content of the photos themselves, clearly indicated an intent that the photos be obtained and used for the purposes of sexual gratification by the viewer. Accordingly, Moyer's convictions as to these counts must be affirmed.

Next, Moyer challenges the legality of his sentences as to counts one through seven. Specifically, the trial court imposed sentences of 2½ to 8 years' imprisonment on each count, all of which were graded as felonies of the third degree. The statutory maximum penalty for third-degree felonies is seven years. *See* 18 Pa.C.S.A. § 1103(3) (sentence for felony of third

degree may not exceed seven years' imprisonment). The Commonwealth agrees with Moyer's position, and the trial court has requested that we directly vacate the illegal portion of Moyer's sentence without remanding for resentencing, as only the maximum sentence is affected and the court's overall sentencing scheme is not disturbed. "Where it is determined that a sentence is illegal, we may remand for resentencing or vacate and amend the invalid sentence directly." *Commonwealth v. Huckleberry*, 631 A.2d 1329, 1334 (Pa. Super. 1993). Accordingly, because the overall sentencing scheme is unaffected by the illegality present here, we will amend Moyer's sentence directly without remanding to the trial court.

Finally, Moyer challenges the trial court's imposition of a lifetime registration requirement pursuant to SORNA. Moyer was convicted for a violation of section 6312(c), which carries a registration requirement of twenty-five years, as well as multiple convictions under section 6312(d), which each require that he register for a period of 15 years. At sentencing, the court imposed lifetime registration as a Tier III offender based on its finding that Moyer had committed two or more Tier I or II offenses. *See* 42 Pa.C.S.A. § 9799.14(d)(16) (registration as Tier III offender required where defendant has two or more convictions for offenses listed as Tier I or Tier II offenses). In doing so, the court relied upon this Court's decision in *Commonwealth v. Merolla*, 909 A.2d 337 (Pa. Super. 2006), in which we applied the Megan's Law II-era precursor to section 9700.14(d)(16) and held

that multiple convictions, even when arising from a single course of conduct and prosecution, mandate lifetime registration.

Subsequent to the imposition of Moyer's sentence, our Supreme Court decided *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016), in which the Court held that section 9799.14(d)(16) of SORNA may not be applied to a defendant whose two or more qualifying Tier I or II convictions arose from a single course of conduct and resulted from a single prosecution. In so holding, the court noted that SORNA encompasses a recidivist philosophy and, as such, requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration. *Id.* at 895.

The Commonwealth concedes that, pursuant to *Lutz*, Moyer's registration order must be vacated or amended to reflect the appropriate 25-year registration requirement.[7] Accordingly, as we did with his illegal sentence, we will amend Moyer's registration order as required by *Lutz*.

Convictions affirmed; judgments of sentence affirmed as to counts eight through sixteen; judgments of sentence as to counts one through seven amended to reflect the correct statutory maximum sentence of seven

_____

[7] The trial court issued its opinion prior to the Supreme Court's decision in *Lutz* and, thus, continued to rely on *Merolla*. However, the court acknowledged the pendency of *Lutz*, noting that "unless and until *Lutz-Morrison* and [its companion case] *A.S.* hold otherwise, [Moyer] is subject to lifetime registration." Trial Court Opinion, 7/6/16, at 10.

years; SORNA registration order amended to reflect 25-year registration requirement. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2017