400 A.2d 184

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph LEZINSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 23, 1979.

David P. Posatko, Public Defender, Tunkhannock, for appellant.

James E. Davis, District Attorney, Tunkhannock, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Defendant was charged with, and convicted in a jury trial of three crimes, Arson, Criminal Conspiracy, and Criminal Mischief. He was sentenced to two concurrent periods of five to ten years on the Arson and Criminal Conspiracy crimes; and to a consecutive sentence of two to five years on the Criminal Mischief. His appeal raises the issue of whether he may lawfully be sentenced separately (and consecutively) for the Criminal Mischief, which arose, says the

defendant, "from the same incident", and from the commission by defendant of "but one act."

The "act" proved against defendant (and others) was that he participated in igniting a building which burned to the ground (the basis of the charge of arson) and destroying in the process of that fire 37 head of livestock enclosed in the barn.

The Commonwealth defends the legality of the separate sentences, saying that "although there was only one criminal act of setting the fire, there were separate and distinct injuries suffered, by the victims . . ." The record shows that the barn was owned by one party and the livestock by another. Thus, reasons the Commonwealth, such separate injuries justify separate sentences.

In *Commonwealth ex. rel. Shaddock v. Ashe*, 340 Pa. 286, at 288, 17 A.2d 190 (1940) our Supreme Court said:

"The law is well settled, as we stated in *Commonwealth ex rel. Russo v. Ashe*, 293 Pa. 322, 142 A. 317, that though separate counts of indictment may properly charge the same state of facts as constituting different offenses, yet where the distinct crimes set forth grew out of the same transaction, differing merely in degree, only one penalty can be imposed after conviction, and separate sentences for each offense charged, directing independent punishment to run consecutively are void as to all except that permissible upon conviction of the most serious charge . . ."

In *Commonwealth v. Walker*, 468 Pa. 323, at page 331, 362 A.2d 227, at page 231 (1976) Mr. Justice Eagen stated:

"Analysis of duplicitous sentence questions has traditionally revolved around the concept of injury to the sovereign, in this case the Commonwealth. One of the purposes of the criminal law is to punish offenses against the Commonwealth, as defined by the Legislature, and it follows that, '[t]he criminal prosecution is for the injury done to the Commonwealth, and not for the injury done to the individual who may, if entitled, obtain redress through a civil action. Where there is but one act of cause of

injury, or death of a number of persons, there is but one injury to the Commonwealth, but where the acts or causes are separate, they are separate injuries to the peace and dignity of the Commonwealth . . . ' "

■ In our present case, although there were various consequences to various victims, the consequences derived from a single "act" or "transaction", specifically the ignition of the barn, which may be the basis of various charges, but ultimately of only one sentence.[1]

■ The trial judge's opinion rejected defendant's argument that the charge of criminal mischief should "fall" because it "merges" into the arson charge as a "lesser included offense of the crime of arson." For this purpose he pointed out correctly that criminal mischief, under the Crimes Code contains two elements not included in arson, specifically criminal mischief involves (1) "tangible property", (personal property) rather than a "building or occupied structure" (real property); and (2) intentional, reckless, or negligent acts, whereas arson does not include negligence.

These differences may therefore prevent a technical "merger" of criminal mischief into arson, but, nevertheless, we hold that principles of *Shaddock* and *Walker, supra*, apply to our case, and do not permit duplicate sentences for the single "act" or "transaction."

It should perhaps be noted further that criminal mischief is so defined as to permit, in some other case, a negligent act, which would not be sufficient to prove arson; but in this present case the proffered proof of both offenses was the same, intentional act of igniting a building.

The Commonwealth also argues that the two separate sentences for Arson (5 to 10 years) and for Criminal Mischief (2 to 5 years) are not unlawful because, after being added together, they do not exceed the maximum for arson of 20 years. The short answer is that only one effective sentence should have been imposed.

1. Note that this statement is not applicable to the Criminal Conspiracy conviction and sentence.

480

■ The Judgment of Sentence on the Criminal Mischief charge must be vacated. In this situation, where we cannot determine whether the declared invalidity of a conviction on one count may have affected the lower court's sentencing on the remaining counts, we must remand to give the lower court an opportunity to reconsider sentencing. See *Commonwealth v. Bailey*, 250 Pa.Super. 402, 408–409, 378 A.2d 998, 1002–1003 (1977); *Commonwealth v. Lockhart*, 223 Pa. Super. 60, 296 A.2d 883 (1972).

For the reasons stated above, the conviction on the criminal mischief charge is vacated, as are the sentences on the remaining charges, and the case is remanded to the lower court for resentencing.

SPAETH, J., concurs in the result.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.