445 A.2d 753

COMMONWEALTH of Pennsylvania

v.

Robert Charles WILLIAMS, Appellant.

Superior Court of Pennsylvania.

Submitted March 10, 1981.

Filed May 7, 1982.

Thomas B. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before HESTER, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge [1]:

On February 28, 1979, appellant was charged with arson [2] in connection with a fire at the foundry where appellant was employed at the time. On July 11, 1979, appellant was convicted after a jury trial. His post-trial motions in arrest of judgment and for a new trial were denied. On August 4, 1980, appellant was sentenced to a term of imprisonment of not less than three (3) years nor more than ten (10) years, fined $100.00 and ordered to pay costs. He was also ordered to pay 1.5 million dollars in restitution.

1. This case was assigned to the writer on January 5, 1982.

2. 18 Pa.Cons.Stat.Ann. § 3301(b)(2), which reads as follows:
    (b) Endangering property—A person commits a felony of the second degree if he:
    ... (2) intentionally starts a fire or causes an explosion, whether on his own property or on that of another, and thereby recklessly places a building or occupied structure of another in danger of damage or destruction; ...

Appellant first contends that the trial court erred in refusing to charge the jury on the offense of criminal mischief [3] as a lesser included offense of arson. Appellant specifically requested this instruction in his proposed points for charge.

■ "The test for determining whether an offense is a lesser included offense is whether all the essential elements of the lesser offense are included in the greater offense." *Commonwealth v. Ostolaza*, 267 Pa.Super. 451, 457, 406 A.2d 1128, 1131 (1979). See also *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976); *Commonwealth v. Nace*, 222 Pa.Super. 329, 295 A.2d 87 (1972). Applying that test, we conclude that criminal mischief is not a lesser included offense of arson.

■ Criminal mischief contains two elements not included in arson. First, criminal mischief involves "tangible property", while arson involves a "building or occupied structure". In *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 479, 400 A.2d 184, 186 (1979), the court indicated that "tangible property" is limited to personal property, while arson involves real property. Second, criminal mischief involves an intentional, reckless or *negligent* act, while arson does not include negligent conduct. Therefore, since all of the elements of criminal mischief are not included in arson, criminal mischief is not a lesser included offense of arson.

The Court's opinion in *Commonwealth v. Lezinsky*, supra, supports this conclusion. Although that case dealt with the issue of duplicate sentences, the Court stated that the offense of criminal mischief did not "merge" into the offense of arson. 264 Pa.Super. at 479, 400 A.2d at 186. The doctrines of merger and of lesser included offenses raise

3. 18 Pa.Cons.Stat.Ann. § 3304(a)(1), which reads as follows:
    (a) Offense Defined—A person is guilty of criminal mischief if he:
    (1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives or other dangerous reasons listed in section 3302(a) of this title (relating to causing or risking catastrophe);

essentially the same question. *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 191 n. 4, 361 A.2d 746, 748 n. 4 (1976).

■ Appellant next argues that trial counsel was ineffective in failing to move for the suppression of an inculpatory statement given by him on February 28, 1979, on the basis that the statement was not voluntary.[4] In the challenged statement, appellant said that he threw a match into some paper trash at the foundry, watched it start burning, then left. Appellant further stated that the reason for his action was that he was "mad at the guys in at work".

■ A two-step analysis has been developed in reviewing allegations of ineffective assistance of counsel. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). First, the reviewing court must determine whether the issue underlying the charge of ineffectiveness is of "arguable merit". *Commonwealth v. Burton,* 491 Pa. 13, 18, 417 A.2d 611, 613 (1980).

In spite of the fact that no suppression motion was filed and no objection was made to the admission of the statement into evidence, counsel presented extensive testimony at trial challenging the voluntariness of the statement. There is considerable evidence in the record that would support a conclusion that the statement was not given voluntarily. Appellant was at the police station for approximately five hours before he signed the statement. He claims to have had nothing to eat before going to the station. Testimony was presented that appellant is borderline mentally retarded with a very passive, dependent personality. He is a functional illiterate who reads on a second grade level, at best. Indeed, appellant attempted to read his statement during the trial and had great difficulty. He was unable to understand even simple words such as "employed", "also" and "questioning". Thus, although trial counsel care-

---

4. Since appellant is represented on appeal by counsel other than trial counsel, and since the grounds for the appeal appear of record, the issue of ineffective assistance is properly raised for the first time on direct appeal. *Commonwealth v. Burch,* 248 Pa.Super. 8, 13, 374 A.2d 1291, 1293 (1977).

fully prepared to contest the voluntariness of the statement at trial, he never sought a pre-trial judicial determination of the issue.

■ The issue of the voluntariness of the statement was submitted to the jury with appropriate instructions along with the other issues in the case. Defendant was found guilty by a general verdict. The same procedure was held to be a violation of the Due Process Clause of the Fourteenth Amendment in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The Supreme Court was of the opinion that such a procedure did not afford a reliable determination of the voluntariness of a confession. It was feared that jurors might find it difficult to understand the policy forbidding reliance on a coerced but true confession. Therefore, a defendant is entitled to a separate, judicial determination of voluntariness. This determination may be made during a pre-trial suppression hearing, or the court may interrupt the trial and conduct an inquiry into voluntariness outside the presence of the jury. See *Commonwealth v. Rice*, 271 Pa.Super. 425, 413 A.2d 739 (1979). In the present case, however, no such separate determination of voluntariness was made at any time before the case was submitted to the jury. In view of the above, we conclude that appellant's claim of ineffective assistance of counsel is of arguable merit.

■ Therefore, we must determine whether counsel's failure to seek a judicial determination of the statement's voluntariness had any reasonable basis designed to effectuate appellant's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The record before us does not indicate whether counsel had a reason for failing to request a "Jackson-Denno" hearing on the issue of voluntariness of the statement. In *Commonwealth v. Rice*, supra., the Court held that remand for an evidentiary hearing was not necessary because if there was any error in admitting the defendant's formal confession into evidence, it was harmless beyond a reasonable doubt since the defendant took the stand during trial and repeated

the factual narrative that was contained in the alleged illegal confession. However, we cannot say on this record that error, if there was any, was harmless beyond a reasonable doubt for the reason that appellant did *not* reiterate the alleged involuntary, inculpatory statement of February 28, 1979 during his testimony at trial. Therefore, we will vacate the sentence and remand for an evidentiary hearing on the question of ineffective assistance of counsel. *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978).

Counsel cannot be found ineffective for failing to assert a meritless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Therefore, in evaluating whether trial counsel was ineffective, the lower court will determine whether the confession was voluntary or involuntary. If it is determined to have been voluntary, counsel was not ineffective in failing to move for its suppression and appellant may be resentenced. He may appeal from that judgment of sentence.

If the statement is determined to have been involuntary, the court will determine whether counsel had a reasonable basis for failing to move for its suppression. Although in view of the defense presented at trial it seems very unlikely that a reasonable basis existed for trial counsel's actions, this may have been a tactical decision and we believe that counsel should have an opportunity to explain his failure to request a Jackson-Denno hearing. If it is determined that counsel did not have a reasonable basis for his decision, appellant will be granted a new trial at which the confession will be inadmissible. If it is determined that counsel acted pursuant to a reasonable basis, appellant may be resentenced and he may appeal from that judgment of sentence.

Finally, appellant argues that the sentence imposed by the trial judge was excessive. Since we have vacated the sentence, we do not need to address that issue. However, since the lower court may have occasion to resentence appellant, we believe that a few words on the subject of restitution are in order.

The court's concern that a victim be fully compensated for a crime should not overshadow its concomitant duty to promote the defendant's rehabilitation. Therefore, a court must make sure that the amount of restitution awarded does not exceed the defendant's ability to pay. *Commonwealth v. Fuqua*, 267 Pa.Super. 504, 508–9, 407 A.2d 24, 26 (1979). Since an order of restitution is a sentence, it must be supported by the record. Therefore, the extent of the injury suffered, the defendant's ability to pay for it, and the type of payment, lump sum or installments that will best serve the needs of the victim and the capabilities of the defendant must all be considered on the record. *Commonwealth v. Fuqua*, 267 Pa.Super. at 510, 407 A.2d at 27.

Judgment of sentence vacated and case remanded for a hearing in accordance with this opinion. Jurisdiction relinquished.