537 A.2d 854

**In the Interest of Ramon RODRIQUEZ.**

**Appeal of Ramon RODRIQUEZ.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed Feb. 17, 1988.

Peter Rosalsky, Assistant Public Defender, for appellant.

JoAnn Verrier, Assistant District Attorney, Philadelphia, for Com., appellee.

132

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

 Following a hearing appellant was adjudicated delinquent based on charges of criminal mischief and criminal conspiracy. The charges were based on appellant's participation in the spray-painting of graffiti on the wall of a building. Appellant was placed on probation on the conditions that he attend school, remove the graffiti under the supervision of an anti-graffiti program, speak at meetings on behalf of the program and perform 100 hours of "scrub time" with the program. The order of adjudication of delinquency and commitment was reduced to judgment. From that judgment appellant appeals to this court raising one issue:

WAS NOT THE EVIDENCE, WHICH ESTABLISHED THAT APPELLANT SPRAY–PAINTED GRAFFITI ON THE OUTSIDE WALL OF A BUILDING, INSUFFICIENT TO SUSTAIN THE ADJUDICATION FOR CRIMINAL MISCHIEF AND CONSPIRACY TO COMMIT CRIMINAL MISCHIEF INASMUCH AS SUCH EVIDENCE DID NOT ESTABLISH THAT APPELLANT TAMPERED WITH "TANGIBLE PROPERTY" AS REQUIRED BY THE STATUTE?

Finding no merit to the argument we affirm.

The thrust of appellant's argument is that the statutory provision defining criminal mischief proscribes tampering with the tangible property of another. Appellant argues, based on *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 400 A.2d 184 (1979) and *Commonwealth v. Williams*, 299 Pa.Super. 278, 445 A.2d 753 (1982) that tangible property is limited to personal property and does not include real property. He contends that the wall of a building does not qualify as tangible property. We find tangible property, as that phrase is used in the criminal mischief statute, includes both real and personal property. To the extent that *Lezin-*

*sky* and *Williams* find to the contrary, they are expressly overruled.

Criminal mischief is defined at 18 Pa.C.S. § 3304 as follows:

§ **3304. Criminal Mischief**

**(a) Offense Defined.**—A person is guilty of criminal mischief if he:

(1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means listed in section 3302(a) of this title (relating to causing or risking catastrophe);

(2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property; or

(3) intentionally or recklessly causes another to suffer pecuniary loss by deception or threat.

18 Pa.C.S. § 3304(a). While the statute uses the words tangible property, it does not define them. In advancing his definition of the words, appellant directs our attention to two Superior Court Opinions which discuss the meaning of tangible property as it is used in the criminal mischief statute.

In *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 400 A.2d 184 (1979) the appellant was convicted of arson, criminal conspiracy and criminal mischief. He was sentenced to two concurrent terms of five to ten years on the arson and conspiracy convictions with a consecutive two to five years on the criminal mischief conviction. The convictions were based on appellant's participation in the ignition of a barn with the resultant destruction of the barn and livestock. On appeal the court vacated all sentences, as well as the conviction for criminal mischief. The court reasoned that the ignition of the barn constituted a single act or transaction. Although it could be the basis of the various charges, as between the criminal mischief and arson charges it could be the basis of only one sentence. In reaching this conclusion the court reviewed the trial judge's analysis stating:

The trial judge's opinion rejected defendant's argument that the charge of criminal mischief should "fall" because it "merges" into the arson charge as a "lesser included offense of the crime of arson." For this purpose he pointed out correctly that criminal mischief, under the Crimes Code contains two elements not included in arson, specifically criminal mischief involves (1) "tangible property", (personal property) rather than a "building or occupied structure" (real property); and (2) intentional, reckless, or negligent acts, whereas arson does not include negligence.

264 Pa.Super. at 479, 400 A.2d at 186.

This language was followed in *Commonwealth v. Williams*, 299 Pa.Super. 278, 445 A.2d 753 (1982). Williams was convicted of arson based on a fire at a foundry where he worked. On appeal Williams contended that the trial court erred in refusing to give a jury charge on criminal mischief as a lesser included offense of arson. The Superior Court concluded that criminal mischief is not a lesser included offense of arson because all of the elements of criminal mischief are not included in arson. The court stated:

Criminal mischief contains two elements not included in arson. First, criminal mischief involves "tangible property", while arson involves a "building or occupied structure". In *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 479, 400 A.2d 184, 186 (1979), the court indicated that "tangible property" is limited to personal property, while arson involves real property. Second, criminal mischief involves an intentional, reckless or *negligent* act, while arson does not include negligent conduct.

*Williams*, 299 Pa.Super. at 281, 445 A.2d at 755 (emphasis in original). Thus, in analyzing the question of lesser included offense the *Williams* court relied on the *Lezinsky* definition of tangible property as being limited to personal property, and not including a building or occupied structure. Such a definition of the words is contrary to the plain meaning of the statutory language and, as we have stated,

insofar as *Williams* and *Lezinsky* stand for such a definition they are overruled.

 The Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 *et seq.,* provides that:

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(a) and (b). Similarly the Statutory Construction Act provides that:

(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S. § 1903(a). Thus this Court's duty is to give effect to the obvious meaning of clear and unambiguous statutory language. *Commonwealth v. Patchett,* 284 Pa.Super. 252, 425 A.2d 798 (1981). We must construe the statutory language according to its plain meaning. *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982).

In order to ascertain the meaning of the words tangible property we turn to Black's Law Dictionary which defines tangible property as:

All property which is touchable and has real existence (physical) whether it is real or personal.

Black's Law Dictionary 1096 (5th ed. 1979). Similarly the Pennsylvania Law Encyclopedia explains that:

With relation to its quality, property is also classified as tangible or intangible. Tangible property has been de-

fined as that which may be felt or touched. It must necessarily be corporeal, and may be either real or personal. Intangible property, on the other hand, is incorporeal. It includes interests represented by papers such as deeds, bonds, and corporate stocks.

30 Pennsylvania Law Encyclopedia *Property* § 1 (1960) (footnotes omitted). Finally, American Jurisprudence, Second Edition, discusses tangible property in its definition of corporeal property and states:

In its usual accepted sense, however, corporeal property is that which is palpable or tangible and is material and physical in its nature.

63A Am.Jur.2d Property § 11 (1984) (footnote omitted). Furthermore:

Corporeal property, having regard to its immovable or movable nature and character, is classified as real and personal, or as movable and immovable.

*Id.* § 10 (footnotes omitted).

We find that the words tangible property as they are used in the criminal mischief statute are clear and free from all ambiguity. According to their common and approved usage the words tangible property include both real and personal property. As applied to the facts of this case the words certainly include the wall of a building. We find no merit to appellant's argument that, as a matter of law, his act of spray-painting graffiti on the outside of a building wall does not violate the criminal mischief statute. Since a building wall is tangible property, the evidence was sufficient to support the adjudication. As this is the same basis for his contention that the evidence was insufficient to sustain the conspiracy adjudication, that argument likewise fails.

We thus affirm the adjudication of delinquency, commitment and disposition.

Judgment affirmed.