J-S21013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERRY SINGLETON, | |
| Appellant | No. 486 EDA 2014 |

Appeal from the Judgment of Sentence September 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003235-2010

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 19, 2015**

Jerry Singleton appeals from the September 20, 2013 judgment of sentence of ten to twenty years imprisonment.  The instant sentence was imposed following a prior direct appeal to this Court, wherein we affirmed the underlying convictions for aggravated indecent assault of a child, unlawful contact with a minor, and corruption of a minor, but vacated an illegal sentence and remanded for resentencing.  We affirm.

Since the underlying facts are not relevant to our disposition, we do not include a full recitation of the facts herein.[1]  Suffice it to say, during January 2010, Appellant was charged with several offenses stemming from

_____

[1] A complete factual history of the case can be found at **_Commonwealth v. Singleton_**, 75 A.3d 545 (Pa.Super. 2013) (unpublished memorandum at 1-2).

_____

*  Retired Senior Judge assigned to the Superior Court.

his sexual abuse of A.L., a twelve year-old family friend. Appellant's mother and the victim's mother were stepsisters, and the assaults occurred while A.L. was sleeping overnight at Appellant's mother's home. On November 12, 2010, a jury convicted Appellant of aggravated indecent assault of a child, unlawful contact with a minor, and corruption of a minor. He was acquitted of rape and sexual assault.

On February 18, 2011, the trial court imposed an aggregate term of thirteen to twenty-six years imprisonment consisting of consecutive sentences of ten to twenty years for aggravated indecent assault of a child, three to six years for unlawful contact with a minor, and no further penalty for corruption of a minor. In fashioning the judgment of sentence, the trial court applied the mandatory minimum term of ten years imprisonment for aggravated indecent assault of a child under the version of 42 Pa.C.S. § 9718(a)(3) that became effective on January 1, 2007.[2] Appellant failed to

---

[2] Prior to the effective date of the 2007 revisions, the mandatory minimum sentence for aggravated indecent assault of a child was five years imprisonment. That version of the statute stated:

> **§ 9718.   Sentences for offenses against infant persons**
> **(a) Mandatory sentence**.—
>
> (1) A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
>     . . . .

*(Footnote Continued Next Page)*

file a direct appeal; however, following a petition for post-conviction relief, the trial court reinstated his appellate rights *nunc pro tunc*.

During the prior direct appeal, Appellant raised issues that challenged (1) the trial court's evidentiary decisions; (2) the weight and sufficiency of the evidence; (3) the court's refusal to grant a mistrial; and (4) the discretionary aspect of sentencing. After addressing the merits of Appellant's three substantive issues, we affirmed the three convictions but vacated the judgment of sentence because it was unclear from the certified record whether Appellant committed the aggravated indecent assault of a child before or after the effective date of the 2007 amendments to the

*(Footnote Continued)* —————————

> (3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 3121(c) and (d)--not less than five years.
>
> 18 Pa.C.S. § 3125(a)(7)--not less than two and one-half years.
>
> 18 Pa.C.S. § 3125(b)--not less than five years.

42 Pa.C.S. § 9718(a) (effective prior to January 1, 2007). As discussed in detail in the body of this memorandum, we highlight that the pre-2007 version of this mandatory minimum sentencing statute did not include the problematic subsection entitled "Proof at sentencing," which Pennsylvania court's have found to be unconditional under *Alleyne v. United States*, ___ U.S.___, 133 S.Ct. 2151, 2163 (2013). *See Commonwealth v. Hopkins*, No. 98 MAP 2013 (Pa. filed June 15, 2015); *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*).

mandatory minimum provision.[3]  As we explained in our prior memorandum decision, if the assaults occurred prior to January 1, 2007, "the imposition of the ten-year, rather than five–year mandatory minimum, [would] have resulted in an improper application of the terms of § 9718[,]" *i.e.*, potential violations of the *ex post facto* clauses in the United States Constitution and Pennsylvania Constitution, respectively.  **Commonwealth v. Singleton**, 75 A.3d 545 (Pa. Super. 2013) (unpublished memorandum at 8); **see also** U.S. Const. Article I, § 10, Pa. Const. Article I, § 17.

On remand, the trial court resentenced Appellant to consecutive terms of five to ten years incarceration for aggravated indecent assault and unlawful contact with a minor, respectively.  As it relates to the issues that are central to this case, the new sentence imposed the mandatory minimum for aggravated indecent assault of a child that was effective **prior** to January 2007 and increased the term of imprisonment for unlawful contact with a minor from three to six years to five to ten years.  Once more, the trial court declined to impose any further penalty for the corruption of a minor conviction.  As a result, the trial court essentially crafted a sentencing scheme similar to that originally imposed on February 18, 2011.  This timely appeal followed the denial of Appellant's post-sentence motions.

Appellant presents the following questions for our review:

---

[3] Accordingly, we did not confront Appellant's discretionary sentencing claim.

A.      The trial court's sentence was excessive under the circumstances and an abuse of discretion.

B.      The trial court erred in precluding the admission of pictures and information regarding the relationship between the defendant and the complainant.

C.      The evidence was insufficient and against the weight of the evidence where the complainant's testimony was incredible and did not make out the elements of the crime where they did not prove that she was under the age of 12 when the incident occurred.

D.      The trial court erred by not granting a mistrial where the complainant's mother referenced an incident that occurred ten years ago between the complainant and the defendant and was not admissible at trial.

Appellant's brief at 5.

At the outset, we observe that, with the exception of Appellant's first issue, this Court confronted the merits of Appellant's issues during the previous appeal and rejected the identical assertions based upon the trial court's comprehensive and sound Rule 1925(a) opinion. **See Singleton**, **supra** (unpublished memorandum at 4-7). Appellant did not seek an allowance of appeal from our decision to affirm the underlying convictions. Accordingly, that aspect of our disposition is final, and Appellant cannot revive these arguments at this juncture. **See Commonwealth v. Mathis**, 463 A.2d 1167, 1169 (Pa.Super. 1983) (where defendant asserts trial court errors in appeal following remand for resentencing, "Any such alleged errors have either been resolved against appellant in his first appeal before this

court, or have been waived by his failure to present them in his first appeal."). Thus, we do not address the merits of these claims.

Next, before we review Appellant's remaining argument challenging the discretionary aspects of the judgment of sentence, we first must determine whether the trial court's imposition of the mandatory minimum sentence of five years imprisonment pursuant to the pre-2007 version of § 9718(a)(3) created an illegal sentence in light of our Supreme Court's recent pronouncement in **Commonwealth v. Hopkins**, No. 98 MAP 2013 (Pa. filed June 15, 2015) and this Court's holdings in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), and its progeny. The application of a mandatory minimum sentencing statute implicates the legality of sentence, which this Court may address *sua sponte*. **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*).

A brief review of the salient cases is warranted. In **Newman**, this Court struck down the mandatory minimum sentence outlined in 42 Pa.C.S. § 9712.1 concerning drug offenses committed with firearms because subsection (c) of that provision violated the United States Supreme Court's holding in **Alleyne v. United States**, __ U.S.__, 1333 S.Ct. 2151, 2163 (2013), which requires that "facts that increase mandatory minimum sentences must be submitted to the jury" and proven beyond a reasonable

doubt.[4] The ***Newman*** Court reasoned that, since the constitutionally infirm subsection relating to burden of proof was "essentially and inseparably connected" to subsection (a), which identified the triggering facts, the entire statute had to be struck down as unconstitutional and could not be applied absent future legislative guidance. ***Newman***, ***supra*** at 101-102.

_____

[4] Specifically, § 9712.1 provides:

> **(a) Mandatory sentence**.--Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), [FN1] known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
>     . . . .
>
> **(c) Proof at sentencing**.— Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. **The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.**

42 Pa.C.S. § 9712.1 (a) and (c) (emphasis added).

- 7 -

Subsequently, in **Commonwealth v**. **Valentine**, 101 A.3d 801 (Pa.Super 2014), which concerned the mandatory minimum sentencing provisions of 42 Pa.C.S §§ 9712 and 9713, this Court held that, since **Newman** determined that the offending provisions were not severable, the trial court's use of a special verdict to allow a jury to determine the factual predicates for the application of mandatory minimum sentences by the beyond a reasonable doubt standard of proof did not cure the unconstitutionality of the mandatory minimum sentencing statutes. We explained, "Our decision in **Newman** . . . holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but 'essentially and inseparably connected' and that the statutes are therefore unconstitutional as a whole." **Id**. at 811-812. Our Supreme Court recently reaffirmed this severability analysis, at least as it relates to 18 Pa.C.S. § 6317(a), which imposes a mandatory minimum sentence for delivery or possession with intent to deliver within 1000 feet of a school. **See Commonwealth v. Hopkins**, 2015 WL 3949099 (Pa. 2015).

As it relates to the specific mandatory minimum statute implicated in the case at bar, this Court concluded in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa.Super. 2014), that the current version of § 9718(c) aligned with the constitutionally infirm proof-at-sentencing provisions that allowed sentencing courts to determine the applicability of the various mandatory minimum sentencing statutes by the preponderance of the evidence standard in violation of **Alleyne**. Thus, consistent with the constitutionality

and severability analyses proffered in **Newman**, the **Wolfe** Court struck down § 9718 in its entirety as facially unconstitutional.

In reaching this conclusion, we first highlighted that the current version of § 9718 included the following constitutionally infirm provision regarding the burden of proof used to determine whether the mandatory minimum was applicable:

> **(c) Proof at sentencing**.--The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. **The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.**

42 Pa.C.S. § 9718(c) (emphasis added). Thereafter, we observed that this basic format appeared in **Newman** insofar as both provisions identified a fact that triggered the imposition of a mandatory minimum sentence and "state[d] that this fact shall be found by the trial court by a preponderance of the evidence at sentencing." **Wolfe**, **supra** at 803. Thus, we resolved, "As Section 9718 is indistinguishable from the statutes struck down in **Newman** and **Valentine**, we are constrained to conclude that Section 9718 is also facially void." **Id**. at 806. As referenced *supra*, our Supreme Court recently determined that an indistinguishable proof-at-sentence provision in

18 § Pa.C.S. § 6317(b) was not severable from the remaining portions of the statute. *See Hopkins*, *supra* (slip opinion at 23-24).

However, notwithstanding our Supreme Court's holding in *Hopkins* relating to § 6317(b) and the *Wolfe* Court's express application of the *Newman* rationale to 42 Pa.C.S. § 9718(c), we do not find that the trial court's imposition of the five-year mandatory minimum sentence under the pre-2007 version of § 9718 created an illegal sentence. Stated simply, despite our Supreme Court's proposition that the legislature would not have enacted this type of legislation absent the offending proof-at-sentencing provisions, the pre-2007 version of § 9718 did not include the offending proviso. That is to say, the mandatory sentencing statute that was applied herein is not facially unconstitutional in light of *Alleyne* because it does **not** direct that (1) the provisions of this section shall not be an element of the crime; (2) notice shall not be required prior to conviction; or (3) the court shall determine by a preponderance of the evidence whether this section is applicable.

Moreover, the fact that triggered the imposition of the mandatory minimum sentence herein, the victim's age, was an element of the underlying crime of aggravated indecent assault of a child. *See* 18 Pa.C.S. § 3125(b) ("A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age."). Therefore, in order to convict

Appellant of that offense, the jury was required to find beyond a reasonable doubt that the victim was less than 13 years old. Instantly, the victim testified that she was twelve years old when the incidents occurred. Thus, by convicting Appellant of aggravated indecent assault of a child pursuant to § 3125(b), the jury in the case at bar determined the triggering element under § 9718(a) beyond a reasonable doubt.

Employing parallel reasoning in *Commonwealth v. Matteson*, 96 A.3d 1064 (Pa.Super. 2014), which preceded *Newman*, this Court upheld a trial court's imposition of the ten-year mandatory minimum sentence under the current version of § 9718 despite the existence of the unconstitutional provision regarding proof of sentencing. Essentially, we held that, since the jury determined the victim's age beyond a reasonable doubt in convicting the defendant of aggravated indecent assault of a child pursuant to 3125(b), the imposition of the mandatory minimum under § 9718 did not run afoul of *Alleyne*. *Id*. at 1066-1067. While we subsequently rejected this rationale based upon the *Newman* Court's severability analysis, *Matteson* remains particularly instructive in the limited scenario where, as here, a mandatory minimum sentence is imposed pursuant to a version of a statute that does not include the constitutionally infirm subsection regarding proof at sentencing.

As the pre-2007 version of § 9718 did not include the constitutionally infirm subsection that directed the trial court to determine the triggering fact

by the preponderance of the evidence standard of proof, it was not facially unconstitutional. Accordingly, the severability analysis employed in *Hopkins* and *Newman* is inapt in the case at bar. Furthermore, the jury was instructed on the victim's age as an element of the offense, and thus, it determined beyond a reasonable doubt the triggering element that the victim was less than sixteen years old. We therefore find that, under these facts, the imposition of the mandatory minimum sentence of five years imprisonment pursuant to the pre-2007 version of the statute did not violate the High Court's holding in *Alleyne*.

Next, we address the portion of Appellant's argument challenging the discretionary aspects of the judgment of sentence imposed for unlawful contact, and for the following reasons, we find that no relief is due. Before we reach the merits of a discretionary sentencing issue, we must ascertain whether (1) a timely appeal was filed from the judgment of sentence; (2) the issue was preserved during the trial court proceedings; (3) the appellant complied with Pa.R.A.P. 2119(f); and (4) the Rule 2119(f) statement reveals a substantial question that the sentence was not appropriate under the sentencing code. *Commonwealth v. Lebarre*, 961 A.2d 176, 178 (Pa.Super. 2008).

Herein, Appellant's notice of appeal was filed timely. Likewise, Appellant raised his sentencing issue in a post-sentence motion and leveled the challenge in his Rule 1925(b) statement. Additionally, Appellant

included in his brief a concise statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Appellant's sentencing issue raises a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa.Super. 2014) (*en banc*) (quoting *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012)).

Appellant asserts that the judgment of sentence was manifestly excessive and unreasonable. Specifically, he argues that the trial court erred in failing to explain its reasons for increasing its penalty for unlawful contact with a minor from three to six years imprisonment to five to ten years imprisonment and, to a much lesser degree, for imposing the two sentences consecutively. In *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa.Super. 2014) (citation omitted), we reiterated, "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." We further explained, "[a]ny challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Id*. (citations omitted). Essentially, "[t]he key to

resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id*. (quoting *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super. 2010)).

Instantly, Appellant's contention is not simply a bare allegation of excessiveness based upon the consecutively imposed sentences. While Appellant references that component of the judgment of sentence, he chiefly assails the trial court for increasing the penalty for unlawful contact of a minor, failing to explain its reasons for the increase, and considering the seriousness of the sex offenses over the remaining sentencing factors. Thus, we find Appellant's claims raise a substantial question that the sentence was not appropriate under the sentencing code. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) (quoting *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (2002) ("excessiveness claim raises a substantial question when [it] 'sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'")). Accordingly, we address the merits of Appellant's argument.

Our standard of review for sentencing claims is well settled.

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super. 2009). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007).

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010).

In *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007), our Supreme Court observed that appellate review of the discretionary aspects of a sentence is outlined in 42 Pa.C.S. § 9781(c) and (d). As it relates to the assertion Appellant levels herein, § 9781(c) provides that a reviewing court may vacate a sentence if it finds, "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). This Court subsequently defined "unreasonable" as follows:

> The *Walls* Court noted that the term "unreasonable" generally means a decision that is either irrational or not guided by sound judgment. It held that a sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S. § 9721(b).[1]

---

[1] Section 9721(b) states in pertinent part:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing[.]

---

- 15 -

*Commonwealth v. Daniel*, 30 A.3d 494, 497 (Pa.Super. 2011).

Section 9781(d) directs that we assess the reasonableness of a sentence based upon the following factors:

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

As noted, Appellant asserts that the trial court abused its discretion in imposing an aggregate term of ten to twenty years imprisonment. Although Appellant refers to the imposition of consecutive sentences as evidence of excessiveness, he does not specifically invoke this aspect of the sentencing scheme as an independent basis for relief or support his reference with legal argument or citation to relevant case law. Thus, while we necessarily consider the reasonableness of the aggregate term of ten to twenty years imprisonment in light of the two convictions for sex offenses against children, we do not separately address whether the imposition of consecutive sentences in this case was *de facto* unreasonable.

Appellant levels a two-part argument. The first aspect of the argument implicates the trial court's decision to impose a greater penalty for unlawful contact with a minor. Appellant contends that the trial court lacked a legal basis to increase the sentence for this offense on remand and that it failed to place its reasons for the elevated sentence on the record. The second component of Appellant's excessiveness claim relates to the court's consideration of the seriousness of the offenses to the exclusion of other mitigating factors. We address the issues *seriatim*.

First, as to the trial court's decision to increase the penalty that it initially imposed for unlawful contact of a minor from three to six to five to ten years imprisonment, we observe that, after this Court vacated the prior sentence and remanded for resentencing, the trial court had discretion to structure its entire sentencing scheme anew. ***See Commonwealth v. Goldhammer***, 517 A.2d 1280, 1283–84 (Pa. 1986) (where appellate court upsets trial court's overall sentencing scheme by vacating judgment of sentence in multiple count appeal, it must remand for re-sentencing because sentencing lies within sole discretion of trial court); ***see also Commonwealth v. Wilson***, 934 A.2d 1191, 1196 (Pa. 2007) (citing ***Commonwealth v. Jones***, 640 A.2d 914, 919–20 (Pa.Super. 1994) and ***Commonwealth v. Losch***, 535 A.2d 115 (Pa.Super. 1987) for the proposition "that when a sentence is vacated and the case is remanded to

the sentencing court for resentencing, the sentencing judge should start afresh").

Having upheld the trial court's authority to structure its sentencing scheme anew following remand, we next turn to the specific question regarding the reasonableness of trial court's decision to increase the sentence imposed for unlawful conduct in order to account for its mandatory decrease of the sentence imposed for aggravated indecent assault of a child. For the following reasons, we reject Appellant's assertion of error.

We confronted a similar issue in **Commonwealth v. Vanderlin**, 580 A.2d 820, 831 (Pa.Super. 1990), and concluded that the trial court had discretion to manipulate multiple sentences to achieve the sentencing scheme that it originally envisioned. In that case, a trial court recognized that the judgment of sentence that it had announced in open court had imposed an illegal sentence on one of several offenses stemming from an attempted rape and sexual assault. Within four days of announcing that sentence, the court *sua sponte* entered an order decreasing the illegal penalty while increasing a consecutively-imposed sentence on another conviction. Thus, the court achieved the essence of the originally intended sentence. The defendant appealed the revised judgment of sentence, and we affirmed.

Significantly, in rejecting the defendant's contentions of error, we adopted the Commonwealth's interpretation of our earlier holding in *Commonwealth v. Lezinsky*, 400 A.2d 184 (Pa.Super. 1979), *overruled on different grounds,* *In Interest of Rodriguez*, 537 A.2d 854 (Pa.Super. 1988) (*en banc*), regarding the well-ensconced principle "where we cannot determine whether the declared invalidity of a conviction on one count may have affected the lower court's sentencing on the remaining counts, we must remand to give the lower court an opportunity to reconsider sentencing." *Vanderlin*, *supra* at 831. We found that the trial court would have structured a different sentencing scheme at the outset had it known that one of its sentences was illegal. The Court explained,

> We agree with the Commonwealth that "the principle behind the *Lezinsky* decision is that if a trial court errs in its sentence for one count in a multi-count case, then all sentences for all counts will be vacated so that the court can re-structure its entire sentencing scheme. The Commonwealth posits that this is in recognition of the fact that probably the court would have sentenced the defendant differently had it known that one of its sentences was illegal."

*Id*. at 831 (quotations, brackets, and citations omitted).

In rejecting Appellant's post-sentence motions in the case at bar, the trial court stated its reasoning for increasing the judgment of sentence for the conviction for unlawful contact with a minor. Trial Court Opinion, 6/30/14, at 4-5. The court explained that, in light of the initial application of the ten-year mandatory minimum for aggravated indecent assault of a child

under § 9718(a), it elected to impose a mitigated range sentence of three to six years imprisonment on the unlawful contact offense. *Id*. at 5. In essence, the court believed that an aggregate sentence in excess of thirteen to twenty-six years imprisonment would be inappropriate. *Id*. However, after this Court vacated the previously imposed ten-to-twenty year sentence for aggravated indecent assault and remanded for resentencing, the trial court imposed the mandatory five to ten years confinement for that offense and increased the consecutively imposed sentence for unlawful contact with a minor from the mitigated range of three to six years imprisonment to the standard range of five to ten years in order to reflect the original sentencing scheme. *Id*.

As the trial court was free to restructure the entire sentencing scheme upon remand, we cannot find that it abused its discretion in adjusting the terms of imprisonment for the unlawful contact with a minor conviction so that it could maintain the essence of the originally intended sentence. *See* ***Goldhammer***, ***supra***; ***Wilson***, ***supra*** at 1196. Thus, this aspect of Appellant's claim fails.

Finally, we address Appellant's argument that the court disregarded evidence that he adduced during sentencing regarding his remorse, family support, and utilization of programs while incarcerated. Appellant asserts

that his evidence warranted maintaining a mitigated range sentence for unlawful contact with a minor. Again, we disagree.

Instantly, the trial court explained that its sentence of five to ten years imprisonment for unlawful contact accounted for all of the Appellant's mitigating factors as well as the seriousness of the violation, Appellant's rehabilitative needs, and the need to protect the community under 42 Pa.C.S. § 9721(b). *See* N.T., 9/20/13, at 28-30; Trial Court Opinion, 6/30/14, at 5-6. As the trial court considered the relevant factors prior to imposing the standard-range sentence for unlawful contact, Appellant's challenge to the discretionary aspect of that sentence fails.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015