J-A13004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DORIAN PETERSON | |
| Appellant | No. 924 WDA 2015 |

Appeal from the Judgment of Sentence Entered May 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0001812-2008

BEFORE: OLSON, STABILE, and MUSMANNO, JJ.

DISSENTING MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 09, 2016**

I respectfully dissent. In my view, when the Supreme Court vacated Appellant's mandatory sentence of life without the possibility of parole and remanded the matter to the trial court for a new sentencing hearing pursuant to ***Commonwealth v. Batts***, 66 A.3d 286 (Pa. 2013), the trial court had jurisdiction to resentence Appellant for both first-degree murder and attempted murder. The crimes were part of the same judgment of sentence and the sentencing scheme was upset by the remand order. By concluding that the trial court must run Appellant's sentence for first-degree murder concurrently with his attempted murder conviction, as opposed to the trial court's clear sentencing scheme to run the sentences consecutively, the Appellant effectively has been granted immunity for his attempted

murder conviction solely as result of what the Majority has found to be a technical error by the trial court.

As the Majority correctly notes, Appellant was convicted of the foregoing crimes while he was a juvenile. The trial court sentenced Appellant to a mandatory term of life imprisonment on the first-degree murder charge and a consecutive 10 to 20 years' imprisonment on the attempted murder charge under a single judgment of sentence on February 1, 2010. This Court affirmed. Appellant sought allocator from our Supreme Court to review this Court's decision. Appellant then filed a supplemental allocator petition seeking review of his mandatory life sentence without parole under the then just decided case of *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* held that mandatory life without parole for juveniles was unconstitutional. *Id.* On May 30, 2013, our Supreme Court granted Appellant's limited allocator petition, and in a *per curiam* order directed the vacatur of our decision affirming the mandatory sentence of life imprisonment without possibility of parole and remanded the matter to the trial court for a new sentencing hearing pursuant to *Batts*.

Agreeing with the parties and the trial court, the Majority concludes that the trial court erred in resentencing to the extent it ordered that Appellant's sentence for attempted murder run consecutively to its newly-imposed sentence of 40 years to life on the first-degree murder charge. The Majority reasons that, because Appellant's petition for allocator on his attempted murder conviction was denied, the trial court lacked jurisdiction to

- 2 -

resentence Appellant on the attempted murder conviction. I respectfully disagree.

In **Commonwealth v. Bartrug**, 732 A.2d 1287 (Pa. Super. 1999), this Court held:

> [I]f a trial court errors in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme. **Commonwealth v. Vanderlin**, 398 Pa. Super. 21, 580 A.2d 820, 831 (1990) (citation and quotation omitted). This has been held true even where Appellant specifically limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, **where those sentences are part of a common sentencing scheme. Commonwealth v. Sutton**, 400 Pa. Super. 291, 583 A.2d 156 (1991).

**Id.** at 1289 (emphasis added), *appeal denied*, 747 A.2d 896 (Pa. 1999). In **Bartrug**, we rejected the appellant's contention that since he only requested modification of his sentence for attempted rape that the trial court did not have authority to modify his attempted deviant sexual intercourse sentence *sua sponte*. Citing **Commonwealth v. Lezinsky**, 400 A.2d 184 (Pa. Super. 1979), *overruled on other grounds by In Interest of Rodriquez*, 537 A.2d 854 (Pa. Super. 1988) (*en banc*), this Court held, what is now established law, that where we cannot determine whether the declared invalidity of a conviction on one count may affect the lower court sentencing on remaining counts, we must remand to give the lower court an opportunity to reconsider sentencing. **See also Vosburg v. NBCD Seventh Realty Corp.**, 122 A.3d 393 (Pa. Super. 2015) (vacatur of sixteen of twenty-one convictions

- 3 -

required vacation of entire sentence and resentencing on all counts). Here, the trial court made clear twice, once upon initial sentencing and again upon resentencing after remand, that it was its judgment that Appellant should serve his sentences consecutively. As Appellant's sentences for both crimes were part of the same sentencing scheme, and resentencing on the first-degree murder conviction would upset the trial court's sentencing scheme, I find that the trial court was well within its authority to resentence Appellant on both the first-degree murder and attempted murder charges. Moreover, penalizing the trial court now to run Appellant's sentences concurrently, assuming a technical error in coordinating sentences, would provide an unjustified reduction in the Appellant's sentence. As this Court stated in **Vanderlin**, 580 A.2d at 830, citing **Bozza v. United States**, 330 U.S. 160 (1947), "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."

I further believe the Majority's reliance upon 42 Pa.C.S.A. § 5505 for the proposition that the trial court lacked jurisdiction to resentence Appellant on the attempted murder conviction is misplaced. Section 5505 limits a trial court's ability to modify or rescind any order within 30 days after entry, **if no appeal** from such order has been taken or allowed. As an appeal was taken from the trial court's judgment of sentence, § 5505 is not applicable. Rather, it is Pa.R.A.P. 1701(a) and (b)(5) that address the trial court's jurisdiction in this matter. Rule 1701(a) provides that after an appeal is

taken, a trial court may no long proceed in a matter. Rule 1701(b)(5) provides, however, that when an appeal has been taken, the trial court may take any action directed by an appellate court. Here, the trial court was directed to conduct a new sentencing hearing pursuant to **Batts** upon remand. The trial court had jurisdiction to exert its authority in this matter.

The Majority cites **Graziani v. Randolph**, 887 A.2d 1244, 1248 (Pa. Super. 2005), which in turn cites **Basille v. H&R Block Inc.**, 777 A.2d 95, 100 (Pa. Super. 2001), and **Scott v. Pennsylvania Board of Probation and Parole**, 739 A.2d 1142, 1145 (Pa. Cmwlth. 1999), in support of the proposition the trial court had no jurisdiction to resentence Appellant on the attempted murder charge, as a court's review is limited only to those issues designated by the remand order. A closer examination of those cases however, reveals that this limitation in a court's authority only prohibits a court from addressing additional **issues beyond the remand order**. In **Basille**, the remand order from the Supreme Court directed consideration of an alternative argument. Appellant urged this Court to revisit other issues from our prior determination of the matter. We concluded we could not consider those other issues given the scope of the question framed for remand. Likewise, in **Scott**, we rejected appellant's request that we address new issues on remand in addition to those specified in the Supreme Court's remand order.

Here, the Supreme Court directed the trial court to conduct a resentencing hearing on the **Miller** issue for Appellant's conviction on the

first-degree murder conviction. As a necessary adjunct to this, the trial court had to revisit its sentencing scheme. This did not require the trial court to address any new issues upon remand. Considering whether the sentences should be served consecutively or concurrently is part and parcel of resentencing. In fact, a trial court is obligated under Pa.R.Crim.P. 705(B) to state whether the sentences shall run concurrently or consecutively. Surely, the first-degree murder conviction cannot be treated in a vacuum apart from the attempted murder conviction when both were part of the same judgment of sentence and sentencing scheme. The *per curiam* order in no manner suggests that the trial court was precluded from its mandatory duty to fashion a sentencing scheme. Nor can I imagine that the *per curiam* order intended such a result, given our well-established jurisprudence which requires otherwise when a sentencing scheme is upset.

I further find **Commonwealth v. Holz**, 397 A.2d 407 (Pa. 1979), to be distinguishable from the instant matter. In **Holz**, the Supreme Court, in interpreting Pa.R.Crim.P. 1406, the predecessor to Rule 705, held that a sentencing court is prohibited from ordering a sentence previously imposed to run consecutive to a sentence currently being imposed. The error in **Holz** was that the trial court ordered the defendant to serve multiple concurrent sentences from Montgomery County matters consecutive to a sentence in a homicide case in Philadelphia County for which the appellant had been found guilty, but not yet sentenced. Our Supreme Court held that sentencing in this manner would sanction an unreasonable use of a trial judge's

discretionary sentencing authority because the judge would be acting without knowledge of what sentence would be imposed on the other charges. Such lack of knowledge could not be the basis of the determination as to the length of imprisonment, which a convicted defendant must undergo. Sentencing in such a manner also was not consistent with former Rule 1406. The instant matter is clearly distinguishable from **Holz**. Here the convictions for which Appellant had to be sentenced were subject to the same judgment of sentence and sentencing scheme. As the present judgment of sentence had to integrate sentencing on both convictions to produce a legal sentencing order, the issue resolved in **Holz** is inapposite to the present matter.

The trial court, in the exercise of its sentencing discretion both initially and upon remand, made clear that Appellant had to serve his sentences consecutively. The vacation of Appellant's sentence for first-degree murder by our Supreme Court necessarily upset the trial court's sentencing scheme. The Majority's decision would tie the trial court's hands and preclude it from exercising its sentencing discretion because of a sentencing technicality that would bestow immunity upon Appellant for his attempted murder conviction. In light of the foregoing, I believe the trial court had the authority to order that Appellant's sentence for the attempted murder conviction be served consecutively to the revised sentence for the first-degree murder conviction. In doing so, it may be that time served while the first-degree murder conviction was appealed, vacated, and resentenced may need to be credited

to the conviction for attempted murder, as the reimposition of sentence upon remand may not be made retroactive to the date of the original sentence of February 1, 2010. *See Commonwealth v. Romolini*, 557 A.2d 1073, 1080 (Pa. Super. 1989) (once a sentenced is vacated it no longer is in effect, and reimposition of a sentence may not be made retroactive to the date of the original sentence). I therefore would affirm the judgment of sentence by the trial court.