J-A25033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT S. GROFF, | : | |
| | : | |
| Appellant | : | No. 2007 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 11, 2018
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001186-2017

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 13, 2020**

Robert S. Groff ("Groff") appeals from the judgment of sentence imposed following his convictions of ten counts of child pornography.[1]  We affirm.

On January 25, 2017, firefighters responded to a fire at Groff's residence in Lebanon, Pennsylvania.  While inside Groff's home, one firefighter observed a stack of photographs, with the top photograph appearing to show a nude minor person.  Police were contacted and dispatched to the home.  Sergeant Harry Ward ("Sergeant Ward") of the North Cornwall Township Police Department responded to the scene and was escorted inside the home by the firefighter who observed the photographs.  Sergeant Ward investigated the photographs, then left the residence, secured the scene, and directed another

---

[1] *See* 18 Pa.C.S.A. § 6312(d).

officer to obtain a search warrant.  After obtaining the warrant, police officers searched the home and collected, of relevance to this appeal, hundreds of pornographic photographs and several male sex toys.

As a part of the investigation, Sergeant Ward interviewed Groff.  Groff admitted to owning the photographs, and to pleasuring himself while viewing the photographs on the day of the fire.

Groff was subsequently charged with 71 counts of child pornography, with each count corresponding to a single photograph.  Groff filed a Motion *in Limine* to preclude admission of the male sex toys, in particular, one homemade masturbation device, and pornographic photographs other than the 71 to which the charges relate.  Following a hearing, the trial court denied the Motion *in Limine*.

Following a jury trial, Groff was convicted of ten counts of child pornography.  The jury determined that pictures 17, 32, and 64 through 71 depicted child pornography.  The trial court sentenced Groff to six months to two years, less one day, in prison.  Groff filed a timely Notice of Appeal.[2]

On appeal, Groff raises the following questions for our review:

A. Did the Commonwealth fail to present sufficient evidence that the nudity in each photograph was depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction, considering the Commonwealth improperly argued and based its entire case on the actions of [] Groff with the

_____

[2] The trial court did not order Groff to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

- 2 -

photographs, and not the intent of the photographer when taking the picture?

B. Was it an abuse of discretion for the [t]rial [c]ourt to permit evidence and testimony, including sex toys, pornographic pictures (other than the 71 at issue in this case), a homemade sex device used for "male masturbation[,"] and testimony that [] Groff admitted to masturbating while looking at various pictures, to be presented to the jury for the purpose of establishing [Groff's] sexual desire when looking at the images, despite that evidence and testimony being irrelevant for the purposes of determining whether the photographs at issue were "depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction"?

C. Was it an abuse of discretion for the [t]rial [c]ourt to allow the Commonwealth to present the incorrect legal definition of a prohibited sexual act and then fail to properly instruct the jury after the jury specifically asked if they should apply the correct legal standard or that argued by the Commonwealth?

Brief for Appellant at 6-7 (issues reordered).

In his first claim, Groff alleges that the evidence was insufficient to prove that the photographs he possessed were child pornography. *See id.* at 24-25. Groff argues that violation of the child pornography statute, 18 Pa.C.S.A. § 6312(d), requires proof that the photographer's purpose for taking the photograph is the photograph viewer's sexual stimulation or gratification. Brief for Appellant at 24-25; *see also id.* at 17-19. Groff claims that whether the viewer used the photos for sexual purposes is irrelevant. *Id.* at 17-19, 24-25. According to Groff, the Commonwealth failed to produce evidence proving that the photographs Groff possessed were taken by the photographer for the purpose of sexual stimulation or gratification. *Id.* at 24-25.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Section 6312(d) states, in relevant part, that "[a]ny person who intentionally views or knowingly possesses or controls any … photograph … depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S.A. § 6312(d). "Prohibited sexual act" is defined, in relevant part, as "nudity[,] if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." *Id.* § 6312(g). "The term 'for purposes of sexual stimulation or gratification of the viewer' permits the fact-finder to distinguish between depictions [prohibited under § 6312(d)] from nude

depictions taken for legitimate scientific, medical or educational activities, which are specifically exempt under § 6312(f)." ***Commonwealth v. Savich***, 716 A.2d 1251, 1256 (Pa. Super. 1998).

> Moreover, an ordinary person can certainly understand what conduct is prohibited and would have no need to guess at the meaning of the term "nudity" under Section 6312(a). The "nudity" qualifier does not create a subjective standard requiring people to guess at its meaning. The content, focus and setting of the images create an objective standard which allows a person of common intelligence to know what images are prohibited under the statute. … [C]ommon sense and human experience dictate that an individual of ordinary intelligence, not a mind reader or a genius, can identify whether a photograph of a nude child depicts "nudity" for the purpose of sexual stimulation or gratification.

***Commonwealth v. Davidson***, 938 A.2d 198, 213 (Pa. 2007).

In its Opinion, the trial court addressed this claim as follows:

> [Pictures 64 through 71] depict a young girl performing gymnastics in the nude. … It is common sense that this is not the normal mode of dress for children when they are engaging in this activity. The photographs show images of the young girl in various revealing poses, some with her legs and arms spread open, accentuating the child's breasts and genital area. The circumstances of the photograph reveal that they were not taken for any family, artistic[,] or other legitimate purpose. We find the jury was justified in finding these to be provocative and prone to incite sexual stimulation or gratification of someone who might view them.

> [Picture 17] shows a smiling young girl standing with her shoulders back and her legs spread open so that her breasts and genital area are prominent. Her hand rests on her thigh[,] with her other hand held slightly behind her, draping a towel under her genital area. She is alone and there is no evidence of any family setting. [Picture 32] is another picture of a solitary young girl, sitting with her legs apart, one arm behind her such that her breasts and genital area are prominent. She is also smiling and, again, there is no evidence of any family or other legitimate activity evident in the photograph. Considering all of these

circumstances, it was a reasonable inference for the jury to find that the nudity depicted in these images was intended for the purposes of sexual stimulation or gratification.

Viewing the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences favorable to the Commonwealth, the evidence is clearly sufficient to find [Groff] guilty of all elements of the offense beyond a reasonable doubt.

Trial Court Opinion, 11/8/18, at 11-12 (paragraph break added).

We agree with the sound reasoning and determination of the trial court, as set forth in its Opinion, and therefore affirm on this basis with regard to Groff's sufficiency of the evidence claim. *See id.*

In his second claim, Groff alleges that the trial court should not have admitted evidence of (1) the male sex toys, including the homemade masturbation device, (2) hundreds of pornographic photographs not depicting minors, and (3) Groff's admission to police of using the masturbation device while looking at the pictures at issue. *See* Brief for Appellant at 17-21. Like in his first argument, Groff argues that this evidence is not relevant, because violation of the child pornography statute, Section 6312(d), does not require proof that the viewer used the photos for sexual purposes. *Id.* at 17-19. Groff claims that the evidence was unduly prejudicial, and that the prejudice was compounded when the Commonwealth was permitted to argue that this evidence proved what Groff had intended to do with the pictures. *Id.* at 20-21.

The admission of evidence

is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Tyson*, 119 A.3d 353, 357-58 (Pa. Super. 2015).

"All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. "Evidence is relevant if … it has any tendency to make a fact more or less probable than it would be without the evidence … and … the fact is of consequence in determining the action." Pa.R.E. 401(a), (b). However, this Court may affirm the judgment of sentence, even though irrelevant evidence was admitted by the trial court, where the trial court's error was "harmless." *Commonwealth v. Vucich*, 194 A.3d 1103, 1110 (Pa. Super. 2018).

Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id.* (brackets and internal citation omitted).

Here, Groff was charged with 71 counts of child pornography, with each count relating to a single picture. *See* N.T., 3/21/18, at 30. The 71 pictures were submitted in two different mediums, digital and hard-copy, in Exhibits 2, 3, and 4. *Id.* at 55-59. However, Exhibits 2 and 3 also contained pictures

- 7 -

of adult pornography and the male sex device. *Id.* at 48-54, 67, 79-81. Additionally, Exhibit 5 contained pictures of adult pornography and of the homemade masturbation device. *Id.*; *id.* at 74-76. The trial court also admitted into evidence testimony of Groff's admission to masturbating while looking at the photographs at issue. *Id.* at 86.

We find that the adult pornography pictures, the picture showing the male masturbation device, and the testimony regarding Groff's admission to masturbating while looking at the photos was not relevant to prove that the photographs of children contained "nudity [] depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction," and should have been excluded. *See* 18 Pa.C.S.A. § 6312(g); *see also* *Davidson*, 938 A.2d at 213 (stating that "[t]he content, focus and setting of the images create an objective standard which allows a person of common intelligence to know what images are prohibited under the statute.").

However, despite Groff's concession that the 71 photos all showed naked children, *see* N.T., 3/21/18, at 27, 116, the jury acquitted Groff of 61 of the 71 charges. If the jury had agreed with the Commonwealth's argument that they should consider Groff's intent in viewing the photographs for purposes of Section 6312(g), and not the photographer's, it could have found him guilty on all counts. Therefore, it is clear by the jury's verdict that it was not influenced by the admission of the contested evidence, and were able to distinguish between photos that depicted child "nudity for the purpose of

sexual stimulation or gratification of any person who might view such depiction," and child nudity that does not fall within Section 6312(g). Accordingly, we conclude that any prejudice to Groff was *de minimis*, and we deny Groff relief on this claim. **See Vucich**, **supra**.

In his third claim, Groff alleges that the trial court (1) improperly permitted the Commonwealth to make a material misstatement of Section 6312, and (2) exacerbated the error by giving an inadequate jury instruction regarding Section 6312. **See** Brief for Appellant at 21-24. Groff argues, as in his first and second claims, that whether a picture constitutes child pornography is determined by the intent of the photographer, not the viewer. **Id.** Groff states that the trial court permitted the Commonwealth to advise the jury that the intent of the photograph viewer is determinative, and that the trial court's jury instruction did the same. **Id.** We will address Groff's claim regarding the jury instruction first.

> In order to preserve a claim that a jury instruction was erroneously given, the Appellant must have objected to the charge at trial. **See Commonwealth v. Spotz**, … 84 A.3d 294, 318 n. 18 ([Pa.] 2014) (citations omitted); Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). As our Supreme Court has explained:
>
>> The pertinent rules, therefore, require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction. Although obligating counsel to take this additional step where a specific

> point for charge has been rejected may appear counterintuitive, as the requested instruction can be viewed as alerting the trial court to a defendant's substantive legal position, it serves the salutary purpose of affording the court an opportunity to avoid or remediate potential error, thereby eliminating the need for appellate review of an otherwise correctable issue.

**Commonwealth v. Parker**, 104 A.3d 17, 29 (Pa. Super. 2014) (citation omitted).

Here, following his recitation of the jury instructions, the trial judge asked counsel for the Commonwealth and Groff whether any corrections or additions needed to be made, and both sides responded "[n]o, Your Honor." **See** N.T., 3/21/18, at 157. Accordingly, Groff did not make a specific objection to the trial court's jury instruction at trial, and this claim is waived. **See Parker**, **supra**.

We will next consider Groff's claim regarding the prosecution's alleged misstatement of law in his closing argument.

> It is well established that a prosecutor is free to argue that the evidence leads to guilt and is permitted to suggest all favorable and reasonable inferences that arise from the evidence. A prosecutor also may argue his case with logical force and vigor. Additionally, a trial court's decision not to grant a new trial based on prosecutorial misconduct will not be reversed on appeal absent an abuse of discretion.

**Commonwealth v. Rios**, 684 A.2d 1025, 1032-33 (Pa. 1996) (citations omitted). Moreover, in order to find in appellant's favor, we must find that the misstatement of law prejudiced the appellant. **See Spotz**, 18 A.3d at 293

(declining to find in favor of appellant where the prosecutor's misstatement of law did not prejudice the appellant).

Here, the prosecutor made a misstatement of law by stating that the jury must look at Groff's intent in order to determine whether the pictures contained "nudity [] depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." *See* N.T., 3/21/18, at 131-33; *see also* 18 Pa.C.S.A. § 6312(g); *Davidson*, 938 A.2d at 213 (stating that "[t]he content, focus and setting of the images create an objective standard which allows a person of common intelligence to know what images are prohibited under the statute."). However, the jury acquitted Groff on 61 of the 71 charges, despite his concession that all 71 pictures depicted naked children. *See* N.T., 3/21/18, at 27, 116. Had the jury been persuaded by the prosecutor's argument, it could have found Groff guilty on all 71 charges. Accordingly, Groff was not prejudiced by the prosecutor's misstatement of law, and we deny Groff relief on this claim. *See Spotz*, *supra*.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020